[Cite as *State v. Jordan*, 2019-Ohio-1094.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## HARRISON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ERIC SEAN JORDAN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 HA 0001**

---

Criminal Appeal from the
Court of Common Pleas of Harrison County, Ohio
Case No. 05-610-CR

**BEFORE:**
Carol Ann Robb, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Affirmed.

---

*State of Ohio*, No Brief Filed for Plaintiff-Appellee and

*Eric Jordan, pro se,* A518-591, P.O. Box 740, 1851 State Route 56, London, Ohio
43140, for Defendant-Appellant.

Dated: March 20, 2019

**Robb, J.**

**{¶1}** Defendant-Appellant Eric Sean Jordan appeals the decision of the Harrison County Common Pleas Court denying his motion to correct the record. Appellant contends the trial court should have "corrected" the 2006 sentencing entry to state the consecutive rape sentences were not mandatory. This argument is without merit as the sentences were mandatory by operation of law. In accordance, the trial court's judgment is affirmed.

STATEMENT OF THE CASE

**{¶2}** Appellant was convicted by a jury of raping two fourteen-year-old girls. For a rape occurring on March 28, 2005, he was convicted under R.C. 2907.02(A)(1)(c), which entails engaging in sexual conduct with a person whose ability to resist or consent was substantially impaired because of a mental or physical condition where the offender knew or had reason to believe this fact. On this offense, the court sentenced him to "a stated term of eight years in prison." (A count of unlawful sexual conduct with a minor was merged with this offense.)

**{¶3}** Regarding the other victim, with whom Appellant had an in loco parentis relationship, the indictment alleged conduct occurring between January 1 and March 28, 2005 constituting rape by force or threat of force in violation of R.C. 2907.02(A)(2). The court sentenced Appellant to "a stated term of ten years in prison" for this offense. (An additional count of rape under (A)(1)(c) and a count of sexual battery were merged with this offense.)

**{¶4}** The trial court ordered the ten-year rape sentence and the eight-year rape sentence to run consecutively. Appellant filed a timely notice of appeal from the April 13, 2006 sentencing entry, and his convictions were affirmed in *State v. Jordan*, 7th Dist. No. 06 HA 586, 2007-Ohio-3333.

**{¶5}** From 2014 through 2016, Appellant filed four requests for judicial release and a motion for reconsideration on one of those requests. In the filings related to each request, an issue was raised as to whether Appellant was eligible for judicial release or whether he was ineligible as a result of mandatory sentences; the parties cited to R.C.

2929.13(F)(2), which requires the court to impose a prison term for any rape and disallows reduction of the term. Appellant's most recent judicial release request resulted in a hearing on December 6, 2016. The trial court generally denied each request for judicial release (and the motion for reconsideration) without specifically addressing Appellant's eligibility or his argument that the sentences were not mandatory.

{¶6} On May 7, 2018, Appellant filed a motion to correct the record asking the trial court to change the sentencing entry to specifically state his prison terms were not mandatory. He complained his sentences were labeled as mandatory in the system maintained by the Ohio Department of Rehabilitation and Correction's Bureau of Sentence Computation ("Bureau"). He attached his April 2018 request asking the Bureau to eliminate this label along with the response informing him a rape sentence is automatically labelled as a mandatory term if the sentencing entry does not specify otherwise. According to Appellant's counterargument, if the entry does not declare the sentences are mandatory, then "logically" they must not be mandatory. The state's response generally opposed Appellant's motion.

{¶7} On May 17, 2018, the trial court denied Appellant's motion to correct the record. The within timely appeal followed.

ASSIGNMENT OF ERROR

{¶8} Appellant's sole assignment of error contends:

"THE TRIAL COURT ABUSED [ITS] DISCRETION BY FAILING TO GRANT THE MOTION TO CORRECT THE RECORD."

{¶9} Appellant contends his consecutive rape sentences were not mandatory because the sentencing entry did not expressly label them as mandatory. He notes the statute setting forth the elements of rape does not specify that any sentence for rape would be automatically mandatory. *See* R.C. 2907.02. Appellant also claims the state never argued he was ineligible for judicial release due to mandatory sentences when responding to his various requests for judicial release.

{¶10} In fact, the state did raise Appellant's ineligibility due to the mandatory nature of his sentences in responses filed on October 20, 2014, August 26, 2015, and October 30, 2015. In his 2016 requests for judicial release, Appellant preemptively raised the issue by referring to the state's reliance on R.C. 2929.13(F)(2) and arguing the

provision was inapplicable to his case. To the contrary, this statutory provision is clearly and directly applicable here, as will be explained below.

**{¶11}** A mandatory prison term is one that must be imposed for an offense, even where the sentencing court can choose among a range of available prison terms. *See* former R.C. 2929.01(Y)(1) (unless another term is required by other statutes, "a mandatory prison term described in this division may be any prison term authorized for the level of offense"); current R.C. 2929.01(X)(1). If a prison term is mandatory, then the defendant is not eligible for community control at sentencing. R.C. 2929.16(A). Thereafter, a defendant with only mandatory prison terms is not an "eligible offender" for purposes of judicial release; it is only non-mandatory prison terms that can make an offender eligible for judicial release. R.C. 2929.20(A)(1)(a),(B),(C).

**{¶12}** Currently, a statute instructs the sentencing court to notify the offender if a sentence is mandatory and include this in the judgment entry:

> If the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following: (a) Impose a stated prison term and, if the court imposes a mandatory prison term, notify the offender that the prison term is a mandatory prison term; (b) * * * include in the sentencing entry * * * whether the sentence or sentences contain mandatory prison terms.

R.C. 2929.19(B)(2)(a)-(b). These provisions were not added to the statute until April 7, 2009, three years after Appellant's sentence was imposed. *See* former R.C. 2929.19(B)(3)(a)-(b), amended by 2008 H.B. 130.

**{¶13}** At the time Appellant was sentenced, there was no statutory requirement to label the sentence as mandatory or non-mandatory. When Appellant was sentenced, this corresponding portion of the statute merely stated: "if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * Impose a stated prison term * * *." *Compare* former R.C. 2929.19(B)(3)(a) *with* current R.C. 2929.19(B)(2)(a)-(b).

**{¶14}** Notably, even under the current sentencing statute, the failure of the court to comply with division (B)(2)(a) or (b) does not affect the validity of the imposed sentence. R.C. 2929.19(B)(7). Rather, a stated prison term that is statutorily crafted as mandatory

is automatically a mandatory prison term *by operation of law*, regardless of whether the sentencing court so states. *State v. Ware*, 141 Ohio St.3d 160, 2014-Ohio-5201, 22 N.E.3d 1082, ¶ 18-19.

{¶15} Next, it must be observed that the statute defining the offense of rape, R.C. 2907.02, is not to be read in isolation. The prison term ranges, applicable to the various degrees of felony offenses, are generally contained in R.C. 2929.14. Division (A)(1) lists the terms available for a first degree felony when a court "elects or is required to impose a prison term on the offender pursuant to this chapter." R.C. 2929.14(A)(1). *See also* R.C. 2907.02(B) (labeling rape a felony of the first degree without a special sentence for the types of rape Appellant committed).

{¶16} The definition of "mandatory prison term" includes the term in prison that must be imposed for the offenses set forth in R.C. 2929.13(F)(2), among other subdivisions. *See* former R.C. 2929.01(Y)(1), current (X)(1). The cited R.C. 2929.13(F)(2) provides:

> Notwithstanding divisions (A) to (E) of this section, **the court shall impose a prison term or terms under** sections 2929.02 to 2929.06, section **2929.14**, or section 2971.03 of the Revised Code **and** except as specifically provided in section 2929.20 or section 2967.191 of the Revised Code or when parole is authorized for the offense under section 2967.13 of the Revised Code **shall not reduce the term or terms pursuant to section 2929.20**, section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code **for any of the following offenses**: * * *
>
> (2) **Any rape**, regardless of whether force was involved and regardless of the age of the victim, or an attempt to commit rape if, had the offender completed the rape that was attempted, the offender would have been subject to a sentence of life imprisonment or life imprisonment without parole for the rape.

(Emphasis added). Former R.C. 2929.13(F)(2). This was the version which existed at the time of Appellant's offense and at the time he was sentenced.

**{¶17}** We note the parties quoted the current version of R.C. 2929.13(F)(2) in prior filings. The current statute is similar in pertinent part but contains different language on inapplicable items. After "Any rape, regardless of whether force was involved and regardless of the age of the victim," the current version of subdivision (F)(2) provides: "or an attempt to commit rape if, had the offender completed the rape that was attempted, the offender would have been guilty of a violation of division (A)(1)(b) of section 2907.02 of the Revised Code and would be sentenced under section 2971.03 of the Revised Code[.]" R.C. 2929.13(F)(2). Appellant previously insisted (F)(2) was inapplicable to make his rape sentences mandatory because he was not convicted under R.C. 2907.02(A)(1)(b) (sexual conduct with a child under 13 years of age) and was not sentenced under the corresponding R.C. 2971.03. Clearly, the language modifying attempted rape is not pertinent to a rape case. Where a defendant was convicted of rape, the court only needs to read as far as: "Any rape, regardless of whether force was involved and regardless of the age of the victim * * *." R.C. 2929.13(F)(2) (as contained in the former and current versions of the mandatory sentencing statute).

**{¶18}** Under the plain and clear language of R.C. 2929.13(F)(2), the prison terms imposed for the two rapes committed by Appellant were mandatory sentences by operation of law. At the time Appellant was sentenced, the statute did not require a mandatory sentence label to be expressly placed upon the prison term by the court at sentencing or in the entry. The failure to do so does not invalidate a sentence in any event as the label occurs by operation of law. As such, the Bureau of Sentencing Computation did not mislabel Appellant's prison terms, and the trial court properly denied Appellant's motion which asked the court to label as non-mandatory the prison terms for two rapes. Appellant's sole assignment of error is overruled.

**{¶19}** For the foregoing reasons, the trial court's judgment is affirmed.


Donofrio, J., concurs.

Waite, P.J., concurs.


Case No. 18 HA 0001

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Harrison County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**