[Cite as *State v. Beatty*, 2022-Ohio-2329.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2021-10-057 |
| Appellee, | : | O P I N I O N<br>7/5/2022 |
| | : | |
| - vs - | : | |
| | : | |
| AUNRICO WILLIAM BAKER BEATTY, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2020 CR 1062

Mark L. Tekulve, Clermont County Prosecuting Attorney, and Nicholas A. Horton, Assistant Prosecuting Attorney, for appellee.

W. Stephen Haynes, Clermont County Public Defender, and Robert F. Benintendi, Assistant Public Defender, for appellant.

**M. POWELL, P.J.**

{¶ 1} On December 22, 2020, appellant, Aunrico William Baker Beatty, was charged by indictment with 11 criminal counts arising from a shooting he was alleged to have perpetrated. Following a jury trial, Baker Beatty was found guilty of Counts 5 through 8, felonious assault in violation of R.C. 2903.11(A)(2); Count 9, discharge of firearm on or

near prohibited premises in violation of R.C. 2923.162(A)(3); and Count 10, improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B). Each of these counts carried a firearm specification pursuant to R.C. 2941.145(A), of which Baker Beatty was also found guilty.

{¶ 2} On September 24, 2021, Baker Beatty was sentenced to indefinite prison terms of four to six years for each of the four felonious assault offenses, a definite prison term of 18 months for the discharge of firearm on or near prohibited premises offense, and a definite prison term of 12 months for the improperly handling firearms in a motor vehicle offense. These prison terms were ordered to be served concurrently with each other. The court further sentenced Baker Beatty to three-year prison terms for each firearm specification attached to Counts 5 through 8, to be served consecutively to each other and consecutively and prior to the four underlying felonious assault offenses. The aggregate prison term ordered was 16 to 18 years.

{¶ 3} Baker Beatty timely appealed his sentence, raising the following assignment of error:

{¶ 4} THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES ON THE DISCRETIONARY PRISON TERMS IMPOSED ON TWO FIREARMS SPECIFICATIONS.

{¶ 5} Baker Beatty argues that the trial court erred in ordering that the prison terms imposed for the third and fourth firearm specification convictions be served consecutively to all other prison terms. Prison terms imposed for firearm specifications will hereinafter be referred to as "firearm prison terms," and the firearm prison terms imposed for the third and fourth firearm specifications herein will be referred to as the "additional firearm prison terms."

{¶ 6} An appellate court generally reviews felony sentences under R.C.

2953.08(G)(2). *State v. McCoy,* 12th Dist. Butler No. CA2020-12-127, 2022-Ohio-995, ¶ 19. Pursuant to that statute, an appellate court may modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. *State v. Gilbert*, 12th Dist. Butler No. CA2020-11-116, 2021-Ohio-2810, ¶ 8. A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12 and sentences a defendant within the permissible statutory range. *State v. Fannin*, 12th Dist. Warren No. CA2020-03-022, 2021-Ohio-2462, ¶ 78.

{¶ 7} In the present case, each count of which Baker Beatty was convicted carried a firearm specification pursuant to R.C. 2941.145(A). If an offender who is convicted of a felony is also convicted of a firearm specification pursuant to R.C. 2941.145, "the court shall impose on the offender * * * [a] prison term of three years." R.C. 2929.14(B)(1)(a)(ii).

{¶ 8} Under R.C. 2929.14(B)(1)(b), a trial court generally may not impose multiple firearm prison terms for felonies that were committed as part of the same act or transaction. *State v. Peters*, 12th Dist. Clermont No. CA2014-09-069, 2015-Ohio-2013, ¶ 18. However, if an offender is convicted of two or more felonies, one or more of which is felonious assault, and if the offender is convicted of a firearm specification in connection with two or more of the felonies, "the sentencing court shall impose on the offender the prison term specified under [R.C. 2929.14(B)(1)(a)] for each of the two most serious specifications of which the offender is convicted." R.C. 2929.14(B)(1)(g). Additionally, "in its discretion, [the sentencing court] also may impose on the offender the prison term specified under [R.C. 2929.14(B)(1)(a)] for any or all of the remaining specifications." *Id.*

{¶ 9} R.C. 2929.14(C)(1) specifies how firearm prison terms are to be served. The

- 3 -

statute provides, in pertinent part, that

> [I]f a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony, * * * the offender shall serve any mandatory prison term imposed under [division (B)(1)(a) of this section] consecutively to any other mandatory prison term imposed under [division (B)(1)(a)] of this section, consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A), (B)(2), or (B)(3) of this section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

{¶ 10} The trial court was required to order three-year prison terms for the two most serious firearm specifications attached to Baker Beatty's felonious assault convictions and was permitted to impose prison terms for each of the remaining specifications. The court fulfilled its duty to order the firearm prison terms for the two most serious specifications, chose to order the additional firearm prison terms for the specifications attached to the other two felonious assault counts, made consecutive sentence findings pursuant to R.C. 2929.14(C)(4), and ordered that all four firearm prison terms be served consecutively to all other prison terms imposed.

{¶ 11} Baker Beatty argues that R.C. 2929.14(C)(1) "require[s] only that the mandatory prison sentences imposed on firearm specifications run consecutively. The statute does not mandate that the 'non-mandatory' prison sentences run consecutively, *nor does it give the sentencing court discretion to run the 'non-mandatory' prison sentences consecutively.*" (Emphasis added.) Baker Beatty contends that the additional firearm prison terms are not "mandatory prison terms" and that the trial court erred in ordering that those prison terms be served consecutively to all other prison terms that were imposed.

{¶ 12} The state asserts that R.C. 2929.14(B)(1)(g), not R.C. 2929.14(C)(1), controls in authorizing imposition of a consecutive sentence for the additional firearm prison terms.

- 4 -

The state alternatively argues that the additional firearm prison terms are "mandatory" pursuant to R.C. 2929.14(B)(1)(b), which provides that a firearm prison term is not subject to reduction.

{¶ 13} As to the state's first argument, there is nothing in the text of R.C. 2929.14(B)(1)(g) addressing whether firearm prison terms should be served consecutively to any other prison term. R.C. 2929.14(B)(1)(g) applies when an offender is convicted of multiple same act or transaction felony offenses and multiple attached firearm specifications and at least one of the felony offenses of which the offender was convicted is among those enumerated in the statute. Within this context, R.C. 2929.14(B)(1)(g) does three things. First, it creates an exception to the general rule of R.C. 2929.14(B)(1)(b) that not more than one firearm prison term may be imposed upon an offender for felonies committed as part of the same act or transaction. Second, it requires imposition of prison terms for the two most serious firearm specifications. Third, it permits imposition of firearm prison terms in addition to those for the two most serious. R.C. 2929.14(B)(1)(g) neither states nor implies anything about whether firearm prison terms must be served consecutively, concurrently, or otherwise.

{¶ 14} We recognize that the foregoing conflicts with our opinion in *State v. Isreal*, 12th Dist. Warren No. CA2011-11-115, 2012-Ohio-4876. *Isreal* involved the imposition of prison terms for the two most serious firearm specifications as required by R.C. 2929.14(B)(1)(g) and a third firearm prison term as permitted by that statute. All the firearm prison terms were ordered to be served consecutively. Isreal argued on appeal that the trial court erred in ordering the firearm prison terms to be served consecutively, as they arose from the same act or transaction and should therefore be served concurrently. We rejected Isreal's argument, finding that R.C. 2929.14(B)(1)(g) implied that all firearm specification prison terms are to be served consecutively and held that "pursuant to R.C.

2929.14(B)(1)(g), sentences for multiple gun specifications should be run consecutive to each other." *Isreal* at ¶ 72.

{¶ 15} In *Isreal* we relied upon *State v. Glenn,* 8th Dist. Cuyahoga No. 97314, 2012-Ohio-3075 and *State v. Fischer,* 9th Dist. Summit No. 26110, 2012-Ohio-3665. However, neither *Glenn* nor *Fischer* considered whether a firearm prison term imposed at the sentencing court's discretion pursuant to R.C. 2929.14(B)(1)(g) must be served consecutively to any other prison term. Although *Glenn* upheld a sentence calling for the consecutive service of three "same act or transaction" firearm prison terms, it did not discuss the propriety of the order for consecutive service of the prison terms, and resolved the appeal by merely observing that that R.C. 2929.14(B)(1)(g) permitted the trial court to impose the third, discretionary firearm prison term. *Glenn* at ¶ 30-33. *Fischer* did not concern a discretionary firearm prison term and certainly did not hold that such a prison term must be served consecutively. *Fischer* at ¶ 11-12.

{¶ 16} As discussed above, there is no language in R.C. 2929.14(B)(1)(g) addressing how multiple firearm prison terms are to be served. On the other hand, R.C. 2929.14(C)(1) unambiguously addresses the subject by providing that mandatory firearm prison terms be served consecutively to any other mandatory prison term and consecutively and prior to any prison term imposed for the underlying offense. The explicit direction in R.C. 2929.14(C)(1) regarding the service of firearm prison terms, coupled with the absence of any language in R.C. 2929.14(B)(1)(g) regarding service of such prison terms, clearly demonstrates that R.C. 2929.14(B)(1)(g) does not imply how firearm prison terms are to be served. To the extent that *Isreal* holds that R.C. 2929.14(B)(1)(g) dictates that firearm specification prison terms that are imposed in the sentencing court's discretion are to be served consecutively, it is overruled.

{¶ 17} As to the state's second argument, the provisions of R.C. 2929.14(B)(1)(b)

that a firearm specification prison term is not subject to reduction, do not render such a prison term "mandatory" to bring it within the consecutive sentence provisions of R.C. 2929.14(C)(1). For purposes of Chapter 2929 of the Ohio Revised Code, "mandatory prison term" is statutorily defined as "the term in prison that must be imposed for the offenses or circumstances set forth in divisions (F)(1) to (8) or (F)(12) to (21) of section 2929.13 and division (B) of section 2929.14 of the Revised Code." R.C. 2929.01(X)(1). R.C. 2929.13(F)(8) provides that "the court shall impose a prison term or terms under * * * section 2929.14 * * * of the Revised Code * * * with respect to a portion of the sentence imposed pursuant to division (B)(1)(a) of section 2929.14 of the Revised Code for having the firearm." R.C. 2929.14(B)(1)(a) also requires the trial court to impose a prison term for conviction of a firearm specification.

{¶ 18} The fallacy in characterizing the additional firearm prison terms as "mandatory prison terms" for purposes of R.C. 2929.14(C)(1), is that the trial court had discretion to impose them under R.C. 2929.14(B)(1)(g). "A mandatory prison term is one that must be imposed for an offense, even where the sentencing court can choose among a range of available prison terms." *State v. Jordan*, 7th Dist. Harrison No. 18 HA 0001, 2019-Ohio-1094, ¶ 11. Another district has "interpreted a mandatory sentence to mean that if prison is mandatory, any sentence imposed within the range of sentences is mandatory." *State v. Chaffins*, 3rd Dist. Putnam No. 12-12-05, 2012-Ohio-4011, ¶ 17. Thus, when a sentencing court *must* impose a prison term as a sanction, it is a "mandatory prison term," without regard to whether the sentencing court has discretion to select the duration of the term. As such, it is the sentencing court's lack of discretion to impose a prison term, not whether the term is subject to reduction, that qualifies the prison term as a "mandatory prison term."

{¶ 19} As suggested by Baker Beatty, the General Assembly chose to require consecutive service of only "mandatory" firearm prison terms in R.C. 2929.14(C)(1). In

enacting the statute, the General Assembly obviously recognized the difference between a "mandatory prison term" and a "prison term" as the statute refers to those terms disjunctively in providing that a firearm specification prison term be served "consecutively to *any other prison term or mandatory prison term* previously or subsequently imposed upon the offender." (Emphasis added.) Thus, it is a matter of legislative intent, as opposed to oversight, that R.C. 2929.14(C)(1) requires consecutive service of only "mandatory" firearm prison terms. Because imposition of the additional firearm prison terms in the present case was discretionary, they are not prison terms which the trial court "must" impose, are consequently not included within the statutory definition of "mandatory prison term," and are therefore not subject to consecutive service pursuant to R.C. 2929.14(C)(1).

{¶ 20} Nonetheless, the foregoing does not mean that the trial court erred in ordering the additional firearm prison terms to be served consecutively to the other prison terms imposed. In choosing to impose the additional firearm prison terms, the trial court made the necessary consecutive sentence findings pursuant to R.C. 2929.14(C)(4), incorporated those findings into its sentencing entry and ordered that the prison terms be served consecutively.[1] Baker Beatty does not challenge the trial court's R.C. 2929.14(C)(4) consecutive sentence findings. Therefore, we do not discuss them beyond noting that the trial court complied with the statute in imposing consecutive prison terms.

{¶ 21} We note that other districts have held that compliance with R.C. 2929.14(C)(4) is unnecessary for the imposition of consecutive prison terms for firearm specifications. Some of these courts have held that R.C. 2929.14(C)(4) is superseded by R.C. 2929.14(B)(1)(g), which requires all firearm specification prison terms to be served

---

1. The only reason why the trial court would have engaged in the R.C. 2929.14(C)(4) findings was to order the additional firearm prison terms to be served consecutively, as all prison terms for the underlying offenses had been ordered to be served concurrently.

consecutively. *See Isreal*, 2012-Ohio-4876, at ¶ 72; *State v. Brown*, 8th Dist. Cuyahoga No. 102549, 2015-Ohio-4764, ¶ 19; *State v. Howard*, 2nd Dist. Montgomery No. 29181, 2021-Ohio-4501, ¶ 17. The Eighth Appellate District has also held that R.C. 2929.14(C)(4) applies only to the imposition of multiple prison terms for convictions of multiple offenses, that a firearm specification is not an offense, but a sentencing enhancement, and that the statute does not apply to sentencing enhancements.[2] *See State v. James*, 8th Dist. Cuyahoga No. 102604, 2015-Ohio-4987, ¶ 47.[3]

**{¶ 22}** We have already discussed that R.C. 2929.14(B)(1)(g) does not address whether firearm specification prison terms must be served consecutively, concurrently, or otherwise. Thus, we reject the reasoning of those courts holding that R.C. 2929.14(B)(1)(g) obviates recourse to R.C. 2929.14(C)(4) for imposition of a consecutive discretionary firearm specification prison term.

**{¶ 23}** We also reject the reasoning of Eighth Appellate District in *State v. James* finding that R.C. 2929.14(C)(4) is inapplicable to firearm prison terms. R.C. 2929.14(C)(4) applies to the imposition of consecutive prison terms when "multiple prison terms are imposed on an offender for convictions of multiple offenses." The *James* court reasoned

---

2. It is certainly true that R.C. 2929.14(C)(4) does not apply to consecutive service of firearm prison terms which are "mandatory prison terms" and to which the consecutive sentence provisions of R.C. 2929.14(C)(1) applies. In *State v. Ervin*, 12th Dist. Butler No. CA2017-06-084, 2018-Ohio-1359, ¶ 25, we recognized this principle. *Ervin*, however, did not address the issue of whether R.C. 2929.14(C)(4) applies to firearm prison terms imposed at the sentencing court's discretion.

3. In holding that the R.C. 2929.14(C)(4) findings were unnecessary to order consecutive service of discretionary firearm prison terms, the Eighth District, cited *State v. Vanderhorst*, 8th Dist. Cuyahoga No. 97242, 2013-Ohio-1785; *State v. Fortune*, 11th Dist. Lake No. 2014-L-117, 2015-Ohio-4019; and *Isreal*, 2012-Ohio-4876, and stated, "[t]here are several appellate decisions addressing whether the court abused its discretion by ordering consecutive service of a third specification under R.C. 2929.14(B)(1)(g), but none of them consider whether the sentencing judge had to make the findings required by R.C. 2929.14(C)(4)." *James* at ¶ 46. The *James* court's reliance upon those cases as supporting the proposition that compliance with R.C. 2929.14(C)(4) is unnecessary for consecutive service of discretionary firearm specification prison terms is misplaced because none of those cases considered the issue. As the supreme court has cautioned, "[a] reported decision, although a case where the question might have been raised, is entitled to no consideration whatever as settling * * * a question not passed upon or raised at the time of the adjudication." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 11, citing *State ex rel. Gordon v. Rhodes*, 158 Ohio St. 129 (1952), paragraph one of the syllabus.

that 2929.14(C)(4) did not apply to firearm prison terms because a firearm specification is a sentencing enhancement and not an "offense" as provided in the statute. We agree with the Eighth District that a firearm specification is a sentencing enhancement and not an offense. *See State v. Blankenship*, 102 Ohio App.3d 534, 547 (12th Dist.1995). The source of our disagreement with the Eighth District arises not from the nature of the firearm specification, but from the nature of the firearm prison term. It is our view that a firearm prison term is a sanction for the underlying offense to which the firearm specification is attached.

{¶ 24} R.C. 2929.01(DD) provides that a "[s]anction" includes "any sanction imposed pursuant to any provision of sections 2929.14 * * * of the Revised Code." As firearm prison terms are imposed pursuant to R.C. 2929.14(B), they are "sanctions" pursuant to the statute. R.C. 2929.01(DD) defines a "sanction" as "any penalty imposed upon an offender who is convicted of or pleads guilty to an offense, *as punishment for the offense*." (Emphasis added.) Thus, pursuant to the statutory definition of "sanction," a firearm prison term is punishment for the underlying offense to which the firearm specification is attached.

{¶ 25} In *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, the supreme court considered whether the offense of discharging a firearm into a habitation and the attached firearm specification merged for purposes of sentencing as allied offenses of similar import. The supreme court held that they do not. In explaining its reasoning, the court held that a firearm specification is not an offense under R.C. 2901.03(B), as it does not contain a positive prohibition of conduct but is "a sentence enhancement that attaches to a predicate offense" and is "contingent upon an underlying felony conviction." *Id.* at ¶ 16. Continuing, the supreme court recognized that when an offender is convicted of an offense and its attached firearm specification, "the defendant's underlying felony sentence will be increased by three years." *Id. Ford* makes clear that a firearm prison term is a part of the sentence

for the underlying offense to which the firearm specification is attached.

{¶ 26} Pursuant to R.C. 2929.01(DD) and the supreme court's opinion in *Ford,* a firearm prison term is punishment for the underlying offense to which the firearm specification is attached. Thus, when an offender is convicted of multiple offenses and their attached firearm specifications and the trial court imposes multiple firearm prison terms, R.C. 2929.14(C)(4) applies to the consecutive service of firearm prison terms imposed at the sentencing court's discretion under R.C. 2929.14(B)(1)(g).[4]

{¶ 27} There remains one issue we wish to address before concluding. The state argues that the overall statutory scheme suggests that all firearm prison terms be served consecutively to all other prison terms because "[t]here is no purpose in imposing a sentence for a specification, just to run it concurrent to a prison sentence for another specification. The purpose of a specification is to enhance a sentence and running a prison term for a specification concurrent does not enhance the sentence." The state proceeds to argue that the General Assembly would not have provided for discretionary firearm prison terms if it intended that they be served concurrently. However, R.C. 2929.14(C)(4) provides a mechanism for imposition of consecutive service of discretionary firearm prison terms which, contrary to the state's argument, preserves the consonance of the statutory scheme.

{¶ 28} A trial court has clear authority to order consecutive prison terms for discretionary firearm specifications of which an offender has been convicted, provided the appropriate findings are made. We find that the trial court complied with the dictates of R.C. 2929.14(C)(4) in ordering the additional firearm prison terms to run consecutively. Accordingly, Baker Beatty's sole assignment of error is without merit and is overruled.

{¶ 29} Judgment affirmed.

---

4. As noted, R.C. 2929.14(C)(1) supersedes R.C. 2929.14(C)(4) and requires consecutive service for the two most serious firearm specification prison terms because those prison terms are "mandatory prison terms."

S. POWELL, J. concurs in judgment only, and BYRNE, J. concurs separately.

**BYRNE, J., concurring separately.**

{¶ 30} I agree with and fully join the court's opinion. I write separately to make two additional points related to (1) the sentencing policy at issue in this case, and (2) stare decisis.

### Sentencing Policy

{¶ 31} In its brief, the state made the following policy argument in support of its interpretation of R.C. 2929.14(B)(1)(g) and 2929.14(C)(4):

> There is no purpose in imposing a sentence for a specification, just to run it concurrent to a prison sentence for another specification. The purpose of a specification is to enhance a sentence and running a prison term for a specification concurrent does not enhance the sentence.

{¶ 32} I would not go so far as to say there is "*no* purpose in imposing a sentence for a specification, just to run it concurrent to a prison sentence for another specification[,]" as it is quite common for offenders to be sentenced to multiple concurrent prison terms. (Emphasis added.) And as the court's opinion states, "R.C. 2929.14(C)(4) provides a mechanism for imposition of consecutive service of discretionary firearm prison terms which, contrary to the state's argument, preserves the consonance of the statutory scheme." Majority Opinion at ¶ 27. However, I understand the state's overall point, and there is much to commend its argument as a policy matter. As currently written, R.C. 2929.14 provides that when a court is permitted to impose multiple firearm specifications, the "two most serious specifications" are to automatically be run consecutively but additional specifications are to be run consecutively *only if* the trial court finds that the consecutive sentencing factors in R.C. 2929.14(C)(4) are met. R.C. 2929.14(B)(1)(g); *see* Majority Opinion at ¶ 22. This seems somewhat odd as a policy choice given the General

Assembly's broader policy choices related to firearm specifications.

**{¶ 33}** But policy arguments, even if judges agree with those arguments, do not determine how we must interpret statutes. *Erickson v. Morrison*, 165 Ohio St.3d 76, 2021-Ohio-746, ¶ 34, quoting *Houdek v. ThyssenKrupp Materials N.A., Inc.*, 134 Ohio St.3d 491, 2012-Ohio-5685, ¶ 29 (Kennedy, J., concurring.) ("Second-guessing the wisdom of the legislature's policy choices * * * does not fall within the scope of our review. * * * Rather, '[o]ur role, in exercise of the judicial power granted to us by the Constitution, is to interpret and apply the law enacted by the General Assembly"). "To resolve [issues of textual interpretation], we must examine the words of the statute." *Lovejoy v. Diehl*, 12th Dist. Butler No. CA2020-06-067, 2021-Ohio-1124, ¶ 31. "A court's 'duty in construing a statute is to determine and give effect to the intent of the General Assembly as expressed in the language it enacted.'" *Id.*, quoting *Pelletier v. Campbell*, 153 Ohio St.3d 611, 2018-Ohio-2121, ¶ 14, in turn citing *Griffith v. Aultman Hosp.*, 146 Ohio St.3d 196, 2016-Ohio-1138, ¶ 18. "In construing a statute, we do not ask 'what did the general assembly intend to enact, but what is the meaning of that which it did enact.'" *Lingle v. State*, 164 Ohio St.3d 340, 2020-Ohio-6788, ¶ 14, quoting *Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus. "To discern legislative intent, we read words and phrases in context and construe them in accordance with rules of grammar and common usage." *Mahoning Edn. Assn. of Dev. Disabilities v. State Emp. Relations Bd.*, 137 Ohio St.3d 257, 2013-Ohio-4654, ¶ 15.

**{¶ 34}** So while it may make more sense from a policy perspective if – as we held before in *Isreal*, and now overrule – all firearm specifications automatically ran consecutively, that is not what the statute says. If the General Assembly would prefer that policy, it can easily amend the statute.

**Stare Decisis**

**{¶ 35}** The court today overrules *State v. Isreal* "[t]o the extent that *Isreal* holds that R.C. 2929.14(B)(1)(g) dictates that firearm specification prison terms that are imposed in the sentencing court's discretion are to be served consecutively * * *." Majority Opinion at ¶ 16. "[O]verruling a precedent is a serious matter." *Dobbs v. Jackson Women's Health Org.*, ___ U.S. ___, 2022 U.S. LEXIS 3057, *63 (2022). "The doctrine of stare decisis is designed to provide continuity and predictability in our legal system. We adhere to stare decisis as a means of thwarting the arbitrary administration of justice as well as providing a clear rule of law by which the citizenry can organize their affairs." *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, ¶ 43. This doctrine is "of fundamental importance to the rule of law." *Id.* at ¶ 44. Stare decisis is a fundamental principle necessary for the rule of law, rather than rule by the whims of individual judges. *Vasquez v. Hillery*, 474 U.S. 254, 265-266, 106 S.Ct. 617 (1986) ("[Stare decisis] permits society to presume that bedrock principles are founded in the law rather than in the proclivities of individuals, and thereby contributes to the integrity of our constitutional system of government, both in appearance and in fact").

**{¶ 36}** But stare decisis is not absolute. This court, applying the standard used by the Supreme Court of Ohio in *Galatis*, has explained that it "will adhere to precedent unless '(1) the decision was wrongly decided at that time, or changes in circumstances no longer justify continued adherence to the decision, (2) the decision defies practical workability, *and* (3) abandoning the precedent would not create an undue hardship for those who have relied upon it.'" (Emphasis added.) *Welsh Dev. Co. v. Warren Cty. Regional Planning Comm.*, 186 Ohio App.3d 56, 2010-Ohio-592, ¶ 39 (12th Dist.), *rev'd on other grounds*, *Welsh Dev. Co., Inc. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, quoting *Galatis* at ¶ 48. All three factors are met in this case.

{¶ 37} First, *Isreal* was wrongly decided when it was issued to the extent that it held that "R.C. 2929.14(B)(1)(g) dictates that firearm specification prison terms that are imposed in the sentencing court's discretion are to be served consecutively." Majority Opinion at ¶ 16. The reasons why *Isreal* was incorrectly decided as to this specific issue – including the fact that the plain text of R.C. 2929.14(B)(1)(g) makes no reference whatsoever to consecutive or concurrent terms – are described in the majority opinion, and need not be repeated here.

{¶ 38} Second, *Isreal* defies practical workability to the extent that it held that R.C. 2929.14(B)(1)(g) dictates that firearm specification prison terms are to be (automatically) served consecutively. Here the reader may object and ask, if *Isreal*'s holding is unworkable, how has it been applied repeatedly by this court and other courts of appeals? Majority Opinion at ¶ 21. The answer is that *Isreal*'s holding related to R.C. 2929.14(B)(1)(g) is not "unworkable" because it cannot, practically, be followed by the courts. Rather, *Isreal*'s holding related to R.C. 2929.14(B)(1)(g) is unworkable because in Ohio, sentences are created by the General Assembly, and the judiciary does not have the freedom to impose sentences of its own creation. The Supreme Court of Ohio has repeatedly held that "the only sentence which a trial judge may impose is that provided for by statute." *State v. Beasley*, 14 Ohio St.3d 74, 75 (1984); *see State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, ¶ 12, quoting *State v. Morris*, 55 Ohio St.3d 101, 112 (1978) ("It has long been recognized in this state that the General Assembly has the plenary power to prescribe crimes and fix penalties"). If we were to refuse to correct an error of interpretation regarding a sentencing statute, we would effectively be amending a sentencing statute. This we cannot do.

{¶ 39} Third, abandoning *Isreal*'s erroneous interpretation of R.C. 2929.14(B)(1)(g) would not create any undue hardship on "those who have relied on it." *Welsh*, 2010-Ohio-

592 at ¶ 39. Our decision will require trial court judges in this district to apply R.C. 2929.14(C)(4)'s consecutive sentencing factors when determining whether to impose consecutive prison terms for certain firearm specifications that *Isreal* would have allowed them to impose automatically, but this is not an undue burden.

{¶ 40} So again, the three factors that must be met for us to reverse existing precedent under the standard applied in *Welsh* and similar cases are met in this case.

{¶ 41} But while those factors are met, I note that, in my view, Ohio courts should consider whether the standard for overruling precedent outlined by Justice Clarence Thomas in his concurring opinion in *Gamble v. United States*, __ U.S. __, 139 S.Ct. 1960, 1980-1989 (2019) (Thomas, J. concurring), is a better approach than the multi-factor approach currently in use. Justice Thomas explained that "if the Court encounters a decision that is demonstrably erroneous – i.e., one that is not a permissible interpretation of the text – the Court should correct the error, regardless of whether other factors support overruling the precedent." *Id.* at 1984. This is not to say that Justice Thomas advocated eliminating stare decisis altogether. Instead, Justice Thomas advocated applying stare decisis only in a manner consistent with a court's proper, limited role. He explained that

> Federal courts may (but need not) adhere to an incorrect decision as precedent, but only when traditional tools of legal interpretation show that the earlier decision adopted a textually permissible interpretation of the law. A demonstrably incorrect judicial decision, by contrast, is tantamount to making law, and adhering to it both disregards the supremacy of the Constitution and perpetuates a usurpation of the legislative power.

*Id.* Justice Thomas' framework merits a closer look in a proper case.

{¶ 42} I concur.

**S. POWELL, J., concurring in judgment only.**

{¶ 43} Just as my respected colleagues, I also find no merit to Baker Beatty's single

- 16 -

assignment of error challenging the trial court's decision ordering the prison terms imposed for the third and fourth firearm specification convictions be served consecutively to all other prison terms. However, I take exception to the manner in which they ultimately come to their decision. I must therefore concur in judgment only.

{¶ 44} I do this because I believe it improper to overrule this court's decision in *State v. Isreal*, 12th Dist. Warren No. CA2011-11-115, 2012-Ohio-4878, a case which, it should be noted, the Ohio Supreme Court declined to review. *See State v. Isreal*, 137 Ohio St.3d 1420, 2013-Ohio-5285 (denying appellant's motion for delayed appeal). This is because I can find no authority that permits a trial court to do anything other than sentence a defendant on a firearm specification to a consecutive sentence. This includes the language found in R.C. 2929.14(B)(1)(g). This court in *Isreal* applied the language found R.C. 2929.14(B)(1)(g) as written. Because of this, I believe this court's decision in *Isreal* should remain good law in this district and the numerous other districts that have approvingly cited to that decision for the general proposition that "pursuant to R.C. 2929.14(B)(1)(g), sentences for multiple gun specifications should be run consecutive to each other." *Id.* at ¶ 72. From my count, this includes cases from the First, Second, Fourth, Fifth, Sixth, Eight, Ninth, Tenth, and Eleventh Districts.

{¶ 45} Contrary to my respected colleagues, I can also find no authority that would require a trial court to apply R.C. 2929.14(C)(4) when sentencing a defendant on a firearm specification. This makes sense when considering the plain language found in R.C. 2929.14(C)(4) clearly provides that statute only applies when the trial court is imposing multiple prison terms on the offender for convictions of "*multiple offenses*" where the trial court finds (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public,

- 17 -

and where (3) one of the following applies:

> (a) The offender committed one or more of the *multiple offenses* while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the *multiple offenses* were committed as part of one or more courses of conduct, and the harm caused by two or more of the *multiple offenses* so committed was so great or unusual that no single prison term for any of the *offenses* committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Emphasis added.)

**{¶ 46}** This is the same reasoning found the by the Eighth District Court of Appeals in *State v. James*, 8th Dist. Cuyahoga No. 102604, 2015-Ohio-4987, a decision the Ohio Supreme Court also declined to review. *See State v. James*, 146 Ohio St.3d 1514, 2016-Ohio-7199. The Eighth District's decision in *James*, and the reasoning set forth therein, should not be so easily cast aside under these circumstances. Therefore, when considering the Eighth District's decision in *James*, and when applying the plain language found in R.C. 2929.14(B)(1)(g), I agree with the state and its argument that "[t]here is no purpose in imposing a sentence for a specification, just to run it concurrent to a prison sentence for another specification. The purpose of a specification is to enhance a sentence and running a prison term for a specification concurrent does not enhance the sentence." Accordingly, while there is authority that allows a trial court not to impose a sentence on a firearm specification that arises out of the same act or transaction as determined by the trial court's discretion, I believe that discretion goes to whether to impose an additional firearm specification and not to how the sentence is to be served once the firearm specification is

- 18 -

imposed.

{¶ 47} For these reasons, I must concur in judgment only for I too find no merit to Baker Beatty's single assignment of error challenging the trial court's decision ordering the prison terms imposed for the third and fourth firearm specification convictions be served consecutively to all other prison terms.