[Cite as *State v. Seymour*, 2024-Ohio-5186.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 23CA8 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| CHRISTOPHER SEYMOUR, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

L. Scott Petroff, Athens, Ohio, for Appellant.

Randy Dupree, Jackson County Prosecuting Attorney, and Colleen S. Williams, Assistant Jackson County Prosecuting Attorney, Jackson, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} Christopher Seymour, Appellant, appeals from the judgment of the Jackson County Court of Common Pleas convicting him of two second-degree felony counts of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(1), and two fourth-degree felony counts of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(5). On appeal, Seymour raises two assignments of error contending, 1) that the trial court erred when it sentenced him to a mandatory prison term by operation of law; and 2) that the trial court's imposition of a mandatory sentence violated Crim.R. 43 and denied him the rights

provided by the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution.  Because we find merit to Seymour's first assignment of error, the judgment of the trial court is reversed and the matter is remanded for the issuance of a nunc pro tunc order in accordance with this decision.  Further, in light of our disposition of Seymour's first assignment of error, the arguments raised under his second assignment of error have been rendered moot and we need not address them.

FACTS

{¶2}  On May 23, 2022, Seymour was indicted for 20 felony counts of pandering obscenity involving a minor.  Counts 1 through 10 charged second-degree felonies in violation of R.C. 2907.321(A).  Counts 11 through 20 charged fourth-degree felonies in violation of R.C. 2907.321(A)(4).

{¶3}  Seymour eventually entered into a plea agreement with the State whereby he agreed to plead guilty to counts 1, 2, 13, and 14, as charged, in exchange for the dismissal of the remaining counts.  The plea agreement also included a joint sentencing recommendation for Seymour to be sentenced to four-year prison terms on counts 1 and 2 and 18-month prison terms on counts 13 and 14, all to be served consecutively to one another for a total, minimum sentence of 11 years.  The agreement also provided, per the Reagan Tokes Act, that the minimum sentence would be 11 years and the maximum prison term would be 13

years.  Neither the plea agreement nor the joint-sentencing recommendation expressly specified that any of the prison terms were mandatory.

{¶4}  Seymour was sentenced on January 4, 2023.  The trial court accepted Seymour's guilty pleas and stated that it had agreed to accept the joint sentencing recommendation.  However, when the sentencing entry was issued on January 10, 2023, it stated that "[t]he Court finds that a prison term is mandatory by operation of law pursuant to 2907.321(A)(1) for counts 1 and 2."  The court also labeled these sentences as mandatory in a chart that it incorporated into the sentencing entry.  This Court approved the filing of Seymour's motion for delayed appeal on May 2, 2023.  On appeal, Seymour raises two assignments of error for our review, as follows.

ASSIGNMENTS OF ERROR

I.    THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO A MANDATORY PRISON TERM BY OPERATION OF LAW.

II.   THE IMPOSITION OF A MANDATORY SENTENCE VIOLATED CRIM.R. 43 AND DENIED APPELLANT HIS RIGHTS PROVIDED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

ASSIGNMENT OF ERROR I

{¶5}  In his first assignment of error, Seymour contends that the trial court erred when it sentenced him to mandatory prison terms by operation of law on both

second-degree felony counts. He argues that R.C. 2907.321, the statute defining the offense of pandering obscenity involving a minor, does not require that a mandatory prison term be imposed for the offense. He further argues that R.C. 2929.13(F), the section of the sentencing statute that specifies which crimes require mandatory prison terms, does not require imposition of mandatory prison terms for commission of these offenses. Thus, Seymour argues that the trial court's imposition of mandatory prison terms "by operation of law" for his second-degree felony offenses was contrary to law.

{¶6} The State appears to agree that the trial court was not required by statute to impose a mandatory prison term, but seems to deduce that because there are several other statutes that prevent Seymour's sentence from being reduced, primarily due to the fact that they were sexually-oriented offenses, that his sentence is, in effect, mandatory by operation law, that is *unless* the trial court decides to grant judicial release. Seymour replies, however, by pointing out his concern that the trial court's labeling his prison term as "mandatory by operation of law" is not only inaccurate, but that it will render him ineligible for judicial release per the requirements of the judicial release statute, which only permits sentencing courts to grant judicial release for offenders serving non-mandatory terms. See R.C. 2929.20.

Standard of Review

{¶7} "When reviewing felony sentences appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2)." *State v. Johnson*, 4th Dist. Adams No. 19CA1082, 2019-Ohio-3479, ¶ 7, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 7.  R.C. 2953.08(G)(2) states as follows:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶8}  "Clear and convincing evidence is 'that measure or degree of proof which * * * will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, ¶ 18, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. This Court has explained as follows regarding the review of felony sentences:

" '[R.C. 2953.08(G)(2)] does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review.' "

*State v. Spangler*, 4th Dist. Athens No. 21CA17, 2023-Ohio-2003, ¶ 17, quoting

*State v. Pierce*, 4th Dist. Pickaway No. 18CA4, 2018-Ohio-4458, ¶ 8, in turn

quoting *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, 992

N.E.2d 453, ¶ 20-21.

## Legal Analysis

{¶9} As set forth above, Seymour was convicted of two counts of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(1) and two counts of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(5). R.C. 2907.321(C) provides that a violation of section (A)(1) is a second-degree felony and that a violation of section (A)(5) is a fourth-degree felony. The statute does not require that a mandatory prison term be imposed for either offense. Further, the only sentences at issue on appeal are the ones imposed for the second-degree felonies.[1]

---

[1] The sentencing entry states that only the prison terms imposed for the second-degree felonies are "mandatory by operation of law."

{¶10} R.C. 2929.13 provides sentencing guidelines for "various specific offenses and degrees of offenses" and provides, in pertinent part, as follows:

(A) Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code.

* * *

(D)(1) Except as provided in division (E) or (F) of this section, for a felony of the first or second degree, for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, and for a violation of division (A)(4) or (B) of section 2907.05 of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. Division (D)(2) of this section does not apply to a presumption established under this division for a violation of division (A)(4) of section 2907.05 of the Revised Code.

However, R.C. 2929.13(E), (F), and (G) contain nothing that requires a mandatory prison term be imposed for a violation of R.C. 2907.321 and thus, R.C. 2929.13(A) and (D)(1), when read together, simply provide that the trial court was permitted to impose "any sanction or combination of sanctions on the offender that are provided

in sections 2929.14 to 2929.18 of the Revised Code" and further, that for second-

degree felonies there is a "presumption in favor of a prison term."[2]

{¶11} R.C. 2929.14 governs prison terms and provides, in pertinent part, as

follows:

> (A) Except as provided in division (B)(1), (B)(2), (B)(3), (B)(4), (B)(5), (B)(6), (B)(7), (B)(8), (B)(9), (B)(10), (B)(11), (E), (G), (H), (J), or (K) of this section or in division (D)(6) of section 2919.25 of the Revised Code and except in relation to an offense for which a sentence of death or life imprisonment is to be imposed, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a prison term that shall be one of the following:
>
> * * *
>
> (2)(a) For a felony of the second degree committed on or after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code, except that if the section that criminalizes the conduct constituting the felony specifies a different minimum term or penalty for the offense, the specific language of that section shall control in determining the minimum term or otherwise sentencing the offender but the minimum term or sentence imposed under that specific language shall be considered for

---

[2] R.C. 2929.13(F)(16) does require a court to impose a prison term for "[k]idnapping, abduction, compelling prostitution, promoting prostitution, engaging in a pattern of corrupt activity, *a violation of division (A)(1) or (2) of section 2907.323 of the Revised Code that involves a minor*, or endangering children in violation of division (B)(1), (2), (3), (4), or (5) of section 2919.22 of the Revised Code, if the offender is convicted of or pleads guilty to a specification as described in section 2941.1422 of the Revised Code that was included in the indictment, count in the indictment, or information charging the offense." However, although the statute does require that a prison term be imposed for a violation of R.C. 2907.323(A)(1) and (2), which prohibits the illegal use of a minor or impaired person in nudity-oriented material or performance, it does not require a mandatory prison term be imposed for a violation of R.C. 2907.321, pandering obscenity involving a minor.

purposes of the Revised Code as if it had been imposed under
this division.

Here, because none of the exceptions contained in R.C. 2929.14(A) apply and
because R.C. 2907.321 did not specify a different minimum term or penalty for the
offense, R.C. 2929.14(A)(2)(a) only required the trial court to impose "an
indefinite prison term with a stated minimum term selected by the court of two,
three, four, five, six, seven, or eight years and a maximum term that is determined
pursuant to section 2929.144 of the Revised Code."[3]

{¶12}  To summarize, R.C. 2907.321 did not require a mandatory sentence,
nor did R.C. 2929.13 or R.C. 2929.14.  The parties agreed on four-year prison
terms for both of the second-degree felony offenses and 18-month prison terms for
both of the fourth-degree felony offenses.  These terms all properly fell within the

---

[3] R.C. 2929.144 is entitled "Determining maximum prison term" and provides, in pertinent part, that:

"(A) As used in this section, 'qualifying felony of the first or second degree' means a felony of the first or second
degree committed on or after the effective date of this section.

(B) The court imposing a prison term on an offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the
Revised Code for a qualifying felony of the first or second degree shall determine the maximum prison term that is
part of the sentence in accordance with the following:

(1) If the offender is being sentenced for one felony and the felony is a qualifying felony of the first or second
degree, the maximum prison term shall be equal to the minimum term imposed on the offender under division
(A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code plus fifty per cent of that term.

(2) If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony
of the first or second degree, and if the court orders that some or all of the prison terms imposed are to be served
consecutively, the court shall add all of the minimum terms imposed on the offender under division (A)(1)(a) or
(2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree that are to be
served consecutively and all of the definite terms of the felonies that are not qualifying felonies of the first or second
degree that are to be served consecutively, and the maximum term shall be equal to the total of those terms so added
by the court plus fifty per cent of the longest minimum term or definite term for the most serious felony being
sentenced."

permitted statutory ranges for the offenses.  The parties also agreed, as part of the

plea agreement, that these prison terms would be served consecutively for a

minimum term of 11 years and a maximum term of 13 years pursuant to R.C.

2929.144.  There was no mention of this being a mandatory sentence in the written

plea form, and there were only conflicting references to the sentences being

mandatory in the plea and sentencing hearings.  What is clear, however, is that

there were no statutorily-required mandatory prison terms and the plea negotiations

and joint-sentencing recommendation of the parties did not expressly include a

mandatory prison term.  The trial court, however, stated in the sentencing entry

that the prison terms imposed on the second-degree felony counts were "mandatory

by operation of law."  Based upon the foregoing, as well as the following, we

believe this finding was made in error.

{¶13}  In *State v. Beatty*, 2022-Ohio-2329, 191 N.E.3d 1228, the Seventh

District Court of Appeals addressed whether firearm specification terms were

mandatory or discretionary and explained as follows regarding the meaning of

mandatory prison terms, in general:

> "A mandatory prison term is one that must be imposed for an
> offense, even where the sentencing court can choose among a
> range of available prison terms." *State v. Jordan*, 7th Dist.
> Harrison No. 18 HA 0001, 2019-Ohio-1094, 2019 WL 1386513,
> ¶ 11.  Another district has "interpreted a mandatory sentence to
> mean that if prison is mandatory, any sentence imposed within
> the range of sentences is mandatory." *State v. Chaffins*, 3rd Dist.
> Putnam No. 12-12-05, 2012-Ohio-4011, 2012 WL 3800850, ¶

17. Thus, when a sentencing court must impose a prison term as a sanction, it is a "mandatory prison term," without regard to whether the sentencing court has discretion to select the duration of the term. As such, it is the sentencing court's lack of discretion to impose a prison term, not whether the term is subject to reduction, that qualifies the prison term as a "mandatory prison term."

*Beatty* at ¶ 18.

{¶14} Thus, the State's deduction that Seymour's second-degree prison terms were essentially rendered "mandatory by operation of law" because he was ineligible for reduction of his prison time through means such as the Intensive Prison Program or the "80% release" program, is without merit because it is not whether the prison term is subject to reduction that determines whether it was a mandatory prison term, but rather whether the sentencing court lacked discretion as to whether to impose a prison term that determines the mandatory nature of the prison term. *Id.* Here, as set forth above, R.C. 2929.13(A) and (D)(1) when read together provided that although there is a presumption that a prison term is necessary to punish a second-degree felony offense, the trial court was permitted to impose "any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code." Thus, because the trial court had discretion as to whether to impose prison terms for the offenses at issue, the prison terms that were ultimately imposed were not mandated by statute and as such, were not "mandatory by operation of law."

{¶15} Similarly, in *State v. Jordan*, a case involving a conviction for rape in violation of R.C. 2907.02, the Seventh District Court of Appeals explained as follows:

> A mandatory prison term is one that must be imposed for an offense, even where the sentencing court can choose among a range of available prison terms. See former R.C. 2929.01(Y)(1) (unless another term is required by other statutes, "a mandatory prison term described in this division may be any prison term authorized for the level of offense"); current R.C. 2929.01(X)(1). If a prison term is mandatory, then the defendant is not eligible for community control at sentencing. R.C. 2929.16(A). Thereafter, a defendant with only mandatory prison terms is not an "eligible offender" for purposes of judicial release; it is only non-mandatory prison terms that can make an offender eligible for judicial release. R.C. 2929.20(A)(1)(a),(B),(C).

*State v. Jordan*, 7th Dist. Harrison No. 18HA0001, 2019-Ohio-1094, ¶ 11. In that case, the court found that Jordan's motion to correct the record to clarify that his imposed prison terms were not mandatory was properly denied because R.C. 2929.13(F)(2) specifically provided at the time that "any rape" offense required imposition of a mandatory prison term. *Id.* at ¶ 6, 16. The court ultimately found that Jordan's arguments were without merit "as the sentences were mandatory by operation of law." *Id.* The *Jordan* case is in contrast to the present case in that it involved the offense of rape, which clearly requires imposition of a mandatory prison term per R.C. 2929.13(F)(2), unlike the offense of pandering obscenity involving a minor, an offense which does not require imposition of a mandatory prison term under R.C. 2929.13(F). While Jordan's

prison term was considered "mandatory by operation of law" because is it was statutorily required, the same cannot be said for Seymour's prison terms, because his offenses did not statutorily require imposition of a mandatory prison term.

{¶16} Nor can Seymour's prison terms be considered "mandatory by operation of law" based upon the fact that they were part of a jointly-recommended sentence that was accepted and imposed by the trial court. There was no indication from the plea hearing transcript or from the written plea form that the joint-sentencing recommendation included a mandatory prison term. The word "mandatory" was only mentioned by the trial court two times during the plea hearing. First, it was mentioned in reference to post release control. Second, the trial court asked Seymour whether he understood that *if* he received a mandatory prison term, he would not be eligible for judicial release or for community control. The only other time the word was mentioned was by defense counsel when discussing whether Seymour needed a "good credit advisement," with defense counsel stating "I know this does not fall under mandatory time actually * * *."

{¶17} Likewise, the written entry of guilty plea listed the four offenses with their corresponding agreed-upon prison terms, along with a notation they were to be served consecutively. The box indicating that the prison term(s) were mandatory was left unchecked. However, a box was checked stating that the trial court "may impose community control sanctions," which is inconsistent with the

imposition of mandatory prison terms. The first real mention of the fact that

Seymour's prison terms were mandatory appears in a form entitled "Method of

Conviction – Plea Entry" that was signed by the judge alone, as opposed to the

written plea form, which was signed by Seymour, defense counsel, the prosecutor,

and the judge. That form contained a chart asking if each of the prison terms was

mandatory or not, and the word "yes" appears next to each charge, even including

the two fourth-degree felonies.

{¶18} Subsequently, during the sentencing hearing, the trial court initially

summarized the jointly-recommended sentence and stated as follows:

> [T]he Court is going to follow the recommendation of the parties
> in this count . . . in this case and issue the following sentence:
> Count 1 would be a sentence of forty to two years [sic], Count 2
> would be a sentence of four to two years [sic], Count 13 would
> be a sentence of eighteen months, Count 14 would be a sentence
> of eighteen months, that would be a total sentence of eleven to
> thirteen years.[4]

There was no mention of any of the sentences being mandatory until the next to

last page of the transcript after the trial went through all the necessary advisements.

At that point, when discussing Seymour's eligibility for the "Intensive Prison

Program," the transcript stated that "[t]he Court finds the Defendant would not be

eligible for because he's serving a mandatory prison term." However, the State

---

[4] Despite these apparent errors in transcription of the hearing, the record makes clear that the joint-sentencing recommendation that was adopted by the trial court provided that four year prison terms would be imposed for each second-degree felony, to be served consecutively to the eighteen-month prison terms imposed for each fourth-degree felony, for a total minimum sentence of eleven years, with a total maximum sentence of thirteen years.

concedes on appeal that Seymour was ineligible for the Intensive Prison Program not because he was serving mandatory prison terms, but rather because his prison terms were for second-degree felonies.

{¶19} The next mention of the word "mandatory" appears in the sentencing entry, where the trial court stated that "[t]he Court finds that a prison term is mandatory by operation of law pursuant to 2907.321(A)(1) for counts 1 and 2." However, as set forth above, contrary to this finding in the sentencing entry, R.C. 2907.321(A)(1) does not require imposition of a mandatory prison term. Further, as set forth above, not only were mandatory prison terms not statutorily required, they were not required as part of the parties' plea agreement and joint-sentencing recommendation, which the trial court purported to adopt.

{¶20} In *State v. Sykes*, 2018-Ohio-4774, 124 N.E.3d 406 (2018), the State argued that Sykes was not eligible for judicial release "because she was serving a mandatory prison term pursuant to the terms of the negotiated agreed-upon sentence." *Id.* at ¶ 7. Sykes argued that she was eligible for judicial release because her "convictions did not carry mandatory prison terms by operation of law." *Id.* at ¶ 8. Finding that the agreed-upon sentence included a mandatory 15-year prison term as an express term of the plea agreement, the court held that the mandatory nature of the prison term was a "binding contractual term that

render[ed] [Sykes] ineligible for judicial release under R.C. 2929.20(A)." *Id.* at ¶

28. In reaching its decision, the court reasoned as follows:

> There is no dispute that Sykes pleaded guilty to offenses that do not carry mandatory prison terms under the Ohio Revised Code. However, pursuant to the express terms of the plea agreement and the trial court's subsequent acceptance and imposition of the agreed-upon sentence, we find Sykes's 15-year term of imprisonment was mandatory under contract principles. The state and Sykes entered into a quid pro quo arrangement where Sykes agreed to serve a mandatory prison term in exchange for the state's agreement to amend her aggravated murder charge to involuntary manslaughter. R.C. 2929.20 contains no language to suggest its eligibility restrictions apply only to offenders who are subject to statutorily mandated prison terms as opposed to prison terms mandated by an approved plea agreement. It simply states that judicial release is not applicable to an offender who is serving a mandatory prison term.

*Id.* at ¶ 25.

> {¶21} Nonetheless, the court cautioned that not all agreed-upon sentences

render defendants ineligible for judicial release, stating as follows:

> Our decision should not be interpreted as a conclusion that all agreed-upon sentences equate to mandatory sentences that preclude eligibility for judicial release. *See, e.g., State v. Williams*, 8th Dist. Cuyahoga Nos. 104078 and 104849, 2017-Ohio-2650, 2017 WL 1742646, ¶¶ 7, 9, 21 (suggesting eligibility for judicial release under R.C. 2929.20(C)(4) where the plea agreement and agreed-upon sentence did not include a negotiated condition that the otherwise nonmandatory prison terms be served in their totality). However, where, as here, the mandatory nature of the agreed-upon sentence is an express condition of the plea agreement, it becomes a binding contractual term that renders the offender ineligible for judicial release under R.C. 2929.20(A).

*Id.* at ¶ 28. *See also State v. Collier*, 8th Dist. Cuyahoga No. 110225, 2021-Ohio-3203, ¶ 28 (noting that while the facts and holding in *Sykes* established that the agreed-upon sentence required a mandatory prison term, the present facts were distinguishable because the record failed to demonstrate that a mandatory prison term was part of the plea agreement, and also finding that the State breached the plea agreement by arguing on appeal that the agreed-upon prison term was mandatory). The case sub judice is clearly distinguishable from *Sykes* because the record does not indicate that mandatory prison terms were an express part of the plea agreement. Nor does the State argue on appeal that the plea agreement and jointly-recommended sentence included mandatory prison terms.

{¶22} In conclusion, we have determined that there is no support in the record for Seymour's second-degree felony prison terms to have been labeled as statutorily mandatory. Further, after reviewing the plea hearing transcript, the written plea agreement, and the sentencing hearing transcript, the record fails to establish that the prison terms were mandatory as a result of the negotiated plea agreement and agreed sentence, which was accepted and imposed by the trial court. Therefore, we conclude that this finding was contrary to law and the trial court erred in labeling Seymour's second-degree felony prison terms as "mandatory by operation of law."

{¶23}  The parties essentially agree that this matter may be resolved with a nunc pro tunc entry, and we agree that is the appropriate remedy here.  Thus, we reverse the judgment of the trial court and remand this matter for the issuance of a nunc pro tunc sentencing entry that accurately states the nature of the prison terms imposed for Seymour's second-degree felonies, and which accurately reflects the penalty that was actually imposed in accepting the parties' jointly-recommended sentence, i.e., minimum and maximum prison terms in accordance with the Reagan Tokes Act, none of which were mandatory, but that were to be served consecutively to one another as well as consecutively to the prison terms imposed for the lesser degree felonies.

## ASSIGNMENT OF ERROR II

{¶24}  In his second assignment of error, Seymour contends that the imposition of a mandatory sentence violated Crim.R. 43 and denied him his rights provided by the Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution.  He questions whether the trial court properly imposed a mandatory sentence at the sentencing hearing that would support the imposition of a mandatory sentence in the sentencing entry.  However, in light of our disposition of Seymour's first assignment of error, which has already resulted in the reversal of the judgment and remand for issuance of a nunc pro tunc entry,

we conclude the arguments raised under this assignment of error have been

rendered moot.  Therefore, we need not address them.

**JUDGMENT REVERSED AND REMANDED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE REVERSED and the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J., and Wilkin, J., concur in Judgment and Opinion.

For the Court,


_____
Jason P. Smith
Presiding Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**