[Cite as *State v. Pompey*, 2016-Ohio-4610.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150479 |
| | | TRIAL NO. B-1405219-A |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| MALIK POMPEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 29, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

**DEWINE, Judge.**

{¶1}     This is an appeal from sentences imposed following a defendant's guilty pleas to four counts of aggravated robbery with firearm specifications.  Malik Pompey argues that the court did not make required findings before sentencing him to consecutive sentences for the specifications and that his sentence was disproportionate to that received by his codefendants and other similar offenders.  We're not persuaded.  No findings were required before imposing consecutive sentences for the specifications, and the sentences were not otherwise contrary to law.

## I.  Background

{¶2}     Mr. Pompey pled guilty to four counts of aggravated robbery with gun specifications.  The charges stemmed from two armed robberies committed in September 2014.   One night, Mr. Pompey and two codefendants robbed a Circle K convenience store using a sawed-off shotgun.  The next night, they used the same shotgun to hold up three University of Cincinnati students.

{¶3}     At the sentencing hearing, the state asked for a 20-year aggregate prison term, while defense counsel sought a lesser sentence.  Counsel suggested that a 12-year aggregate term was appropriate because Pompey did not have a criminal record, was only 20 years old and was very remorseful for his actions.  He noted that offenders who had committed similar crimes had received sentences that were less than 20 years.  The assistant prosecuting attorney conceded that Pompey's codefendants had received shorter sentences but reasoned that Pompey "was the prime mover in these offenses" and that he had "committed [the robberies] personally."

{¶4}     The court settled on an aggregate 18-year sentence.  This combined term consisted of six-year sentences for each aggravated robbery and three-year sentences for

each firearm specification. The six-year sentences were all made concurrent, while the four specifications were made consecutive to each other and consecutive to the concurrent six-year sentences. When imposing the sentences, the court considered Pompey's lack of a criminal record and his genuine remorse along with his failure to acknowledge the need for treatment despite having committed the offenses while under the influence of drugs. The court also noted "that there was a sawed-off shotgun used in connection with this offense, which the defendant provided and the defendant planned and motivated his friends to join in this criminal endeavor."

## II. The Sentences Were Not Contrary to Law

{¶5} Mr. Pompey's sole assignment of error is that the court erred when it imposed excessive, consecutive sentences. He urges us to reduce his sentences because the trial court did not make findings before imposing consecutive sentences for the firearm specifications and because his aggregate term is disproportionate to the 15-year sentence received by one of his codefendants.

{¶6} We may modify or vacate Pompey's sentence only if we "determine[] by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, __ Ohio St.3d __, 2016-Ohio-1002, __ N.E.2d __, ¶ 1. *See State v. White*, 2013-Ohio-4225, 997 N.E.2d 629, ¶ 11 (1st Dist.). Mr. Pompey maintains that the court failed to make the findings required by R.C. 2929.14(C)(4) before ordering that the four firearm-specification sentences run consecutively. But R.C. 2929.14(C)(4) applies to "multiple prison terms [that] are imposed on an offender for convictions of multiple offenses"—not penalty-enhancing specifications. *See State v. James*, 8th Dist. Cuyahoga No. 102604, 2015-Ohio-4987. No findings were required under R.C. 2929.14(C)(4) before imposing consecutive sentences for the specifications.

3

{¶7}    Instead, the trial court's imposition of sentences for the firearm specifications was governed by R.C. 2929.14(B)(1)(g), which provides that

> [i]f an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are * * * aggravated robbery * * * , and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

Because Pompey pled guilty to four counts of aggravated robbery along with the accompanying gun specifications, the trial court was required to sentence him for at least two of the specifications and had the discretion to sentence him for all four. And under R.C. 2929.14(C)(1)(a), the sentences for the specifications had to be consecutive to each other and to the sentences for the underlying felonies. *See State v. Isreal*, 12th Dist. Warren No. CA2011-11-115, 2012-Ohio-4876, ¶ 72. The court did precisely what was required by law.

{¶8}    Mr. Pompey contends further that, contrary to R.C. 2929.11(B), his aggregate prison term was not "consistent with sentences imposed for similar crimes committed by similar offenders." As we have noted, the consistency mandated by R.C. 2929.11(B) "does not require that identical sentences be imposed for co-defendants." *State v. Rowland*, 1st Dist. Hamilton No. C-000592, 2001 Ohio App. LEXIS 2088 (May 11, 2001). Thus, "[o]ur role in evaluating a sentence challenged for inconsistency is to

determine whether the trial court properly considered the factors and guidelines contained in the sentencing statutes and whether the record supports the court's findings." *State v. Houston*, 1st Dist. Hamilton No. C-130429, 2014-Ohio-3111. Here, it is clear from the record that the court considered the appropriate factors and guidelines before sentencing Pompey, and as discussed, no findings were required of the court.

### III. Conclusion

{¶9}     The sentences imposed by the trial court were not contrary to law. We therefore overrule the sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**HENDON, P.J.,** and **MOCK, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.