[Cite as *State v. Beatty*, 2022-Ohio-3099.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2021-10-057 |
| Appellee, | : | EN BANC O P I N I O N<br>9/6/2022 |
| | : | |
| - vs - | | |
| | : | |
| AUNRICO WILLIAM BAKER BEATTY, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2020 CR 1062

Mark L. Tekulve, Clermont County Prosecuting Attorney, and Nicholas A. Horton, Assistant Prosecuting Attorney, for appellee.

W. Stephen Haynes, Clermont County Public Defender, and Robert F. Benintendi, Assistant Public Defender, for appellant.

**EN BANC.**

{¶ 1} This cause is before the court pursuant App.R. 26(A)(2)(b) upon this court's sua sponte en banc consideration of this court's decision in *State v. Beatty*, 12th Dist. Clermont No. CA2021-10-057, 2022-Ohio-2329 ("*Beatty I*"). After holding an en banc conference on the matter pursuant to Loc.R. 18(D), this court now overrules the decision in

*Beatty I* to the extent it conflicts with this court's holding in *State v. Isreal*, 12th Dist. Warren No. CA2011-11-115, 2012-Ohio-4876, that, "pursuant to R.C. 2929.14(B)(1)(g), sentences for multiple [firearm] specifications should be run consecutive to each other." *Id.* at ¶ 72.

{¶ 2} In *Isreal*, a decision the Ohio Supreme Court declined to review, this court applied the language found in R.C. 2929.14(B)(1)(g) as written when holding that, "pursuant to R.C. 2929.14(B)(1)(g), sentences for multiple [firearm] specifications should be run consecutive to each other." *Id.* Numerous other Ohio appellate districts have approvingly cited to this court's decision in *Isreal* since its release nearly a decade ago. This includes cases from First, Second, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Eleventh Districts. Of those ten Ohio appellate districts that have approvingly cited to this court's decision in *Isreal*, we note that the Eighth District and the Fourth District have specifically cited to *Isreal* when holding that the imposition of consecutive sentences for multiple firearm specifications is mandatory under R.C. 2929.14(B)(1)(g). *See State v. Nelson*, 8th Dist. Cuyahoga No. 110593, 2022-Ohio-1665, ¶ 42 ("the imposition of consecutive sentences for firearm specifications is mandatory under R.C. 2929.14[B][1][g]"); *State v. Clay*, 4th Dist. Lawrence No. 11CA23, 2013-Ohio-4649, ¶ 72 ("The statute also allowed the court to exercise its discretion to impose any remaining firearm specification prison terms, which it did. Consequently, the trial court did not err by requiring Clay to serve the firearm specification prison terms consecutively to one another").

{¶ 3} We also note the First District Court of Appeals' decision in *State v. Pompey*, 1st Dist. Hamilton No. C-150479, 2016-Ohio-4610. In that case, the defendant pled guilty to four counts of aggravated robbery, all of which included three-year firearm specifications, and was sentenced to an aggregate 18-year prison sentence that "consisted of six-year sentences for each aggravated robbery and three-year sentences for each firearm specification." *Id.* at ¶ 4. "The six-year sentences were all made concurrent, while the four

- 2 -

specifications were made consecutive to each other and consecutive to the concurrent six-year sentences." *Id.* The defendant appealed and argued that the trial court erred when it "imposed excessive, consecutive sentences" and urged the appellate court "to reduce his sentences because the trial court did not make findings before imposing consecutive sentences for the firearm specifications * * *." *Id.* at ¶ 5. The appellate court, citing to this court's decision in *Isreal*, rejected the defendant's argument and instead found that, pursuant to R.C. 2929.14(B)(1)(g), the trial court "did precisely what was required by law" by imposing consecutive sentences for each of the four firearm specifications that the defendant was being sentenced.[1] *Id.* at ¶ 7.

{¶ 4} Therefore, because the Ohio Supreme Court declined to review this court's decision in *Isreal*, which necessarily included this court's holding that, pursuant to R.C. 2929.14(B)(1)(g), sentences for multiple firearm specifications should be run consecutive to each other, and because this court's holding that, pursuant to R.C. 2929.14(B)(1)(g), sentences for multiple firearm specifications should be run consecutive to each other, has been approvingly cited to, and applied by, multiple other Ohio appellate districts, we find it now generally well established that the language found in R.C. 2929.14(B)(1)(g) requires sentences for multiple firearm specifications to be run consecutive to each other. This court must therefore overrule the portion of *Beatty I* that permits a trial court to impose anything other than a consecutive sentence for a firearm specification. This court instead reiterates that, in accordance with this court's decision in *Isreal*, sentences for multiple firearm specifications should be run consecutive to each other in accordance with R.C. 2929.14(B)(1)(g).

---

1. In a similar case, the Eleventh District Court of Appeals cited to *Isreal* to support its decision finding the trial court did not err by imposing consecutive sentences for the three firearm specifications that the defendant was being sentenced on in accordance with R.C. 2929.14(B)(1)(g). *See State v. Fortune*, 11th Dist. Lake No. 2014-L-117, 2015-Ohio-4019, ¶ 18.

{¶ 5} When so doing, the trial court need not comply with the dictates of R.C. 2929.14(C)(4). *See State v. James*, 8th Dist. Cuyahoga No. 102604, 2015-Ohio-4987, ¶ 47 ("[w]ith there being no requirement in R.C. 2929.14[B][1][g] for the court to make findings of any kind before ordering a third penalty enhancing specification to be served consecutively, the court had no obligation to make any findings"); *see also State v. Howard*, 2d Dist. Montgomery No. 29181, 2021-Ohio-4501, ¶ 15; and *Pompey*, 2016-Ohio-4610 at ¶ 6. This is because the plain language found in R.C. 2929.14(C)(4) provides that the statute only applies when the trial court is imposing multiple prison terms for convictions of "multiple offenses." "[A] firearm specification is a penalty enhancement, not a criminal offense." *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, ¶ 19. Therefore, while the language found in R.C. 2929.14(B)(1)(g) allows a trial court to exercise its discretion not to impose a sentence on a firearm specification that arises out of the same act or transaction, that discretion applies only to the question of whether the trial court should impose an additional firearm specification and not to how the sentence should be served once that firearm specification is imposed.

{¶ 6} In conclusion, and to secure and maintain uniformity of this court's decisions, this court hereby confirms the holding in *Isreal* that, "pursuant to R.C. 2929.14(B)(1)(g), sentences for multiple [firearm] specifications should be run consecutive to each other." *Id.* at ¶ 72. To the extent *Beatty I* allows a trial court to do anything other than sentence a defendant on a firearm specification to a consecutive sentence, it is overruled. The judgment in *Beatty I* remains unchanged, however, as this court's en banc consideration does not alter the disposition of appellant's single assignment of error challenging the trial court's decision ordering the prison terms imposed for the third and fourth firearm specification convictions be served consecutively to all other prison terms.

S. POWELL, HENDRICKSON, and PIPER, JJ., concur

M. POWELL, P.J., and BYRNE, J., dissent

**M. POWELL, P.J., and BYRNE, J., dissenting**

{¶ 7} Based upon our reasoning in *State v. Beatty*, 12th Dist. Clermont No. CA2021-10-057, 2022-Ohio-2329 ("*Beatty I*"), we reiterate that *State v. Isreal*, 12th Dist. Warren No. CA2011-11-115, 2012-Ohio-4876, should be overruled to the extent it holds that R.C. 2929.14(B)(1)(g) mandates that a firearm specification prison term imposed in the sentencing court's discretion must be served consecutively to all other prison terms imposed upon an offender.

{¶ 8} The statutory scheme for imposition and service of firearm specification prison terms is contained within R.C. 2929.14(B) and (C). R.C. 2929.14(B)(1)(a) requires imposition of a specified prison term if an offender is convicted of a felony and an attendant firearm specification under R.C. 2941.141, 2941.144, or 2941.145. R.C. 2929.14(B)(1)(g) authorizes imposition of multiple firearm specification prison terms that arise from a single act or transaction when certain offenses are involved. This is an exception to the rule of R.C. 2929.14(B)(1)(b) that a sentencing court may impose only a single firearm specification prison term based upon convictions of multiple offenses and firearm specifications arising from a single act or transaction. R.C. 2929.14(B)(1)(g) recognizes two types of "same act or transaction" firearm specification prison terms: the prison terms for the two most serious firearm specifications, which a sentencing court *must* impose; and the prison term or terms for "the remaining specifications," which a sentencing court *may* impose in its discretion (hereinafter "discretionary firearm prison term(s)"). R.C. 2929.14(C)(1)(a) requires consecutive service of a firearm specification prison term if it qualifies as a "mandatory prison term." R.C. 2929.14(B)(1)(g) works hand-in-hand with R.C. 2929.14(C)(1)(a) to require consecutive service of the firearm specification prison

- 5 -

terms for the two most serious specifications. Because R.C. 2929.14(B)(1)(g) provides that the sentencing court "shall impose" prison terms for the two most serious "same act or transaction" firearm specifications, those prison terms are "mandatory prison terms" for which consecutive service is required by R.C. 2929.14(C)(1)(a). However, because a prison term for the remaining specifications is not a prison term "that must imposed," it is not a mandatory prison term. R.C. 2929.01(X)(1).

{¶ 9} In *Isreal*, we held that "pursuant to R.C. 2929.14(B)(1)(g), sentences for multiple [firearm] specifications should be run consecutive to each other." *Isreal*, 2012-Ohio-4876, at ¶ 72. *Isreal* applied the foregoing, not only to the firearm specification prison terms for the two most serious specifications, but also to a discretionary firearm prison term. This appeal does not concern the prison terms a sentencing court must impose for the two most serious same act or transaction specifications.[2] The issue in this case is limited to whether R.C. 2929.14(B)(1)(g) requires consecutive service of discretionary firearm prison terms. We hereinafter refer to the foregoing as "*Isreal*'s holding" or the "*Isreal* holding."

{¶ 10} *Isreal* is based upon a misconstruction of R.C. 2929.14(B)(1)(g). The *Isreal* court explained its reasoning as follows:

> While the General Assembly did not include the word "consecutive" in R.C. 2929.14(B)(1)(g), it nonetheless carved out an exception to the general rule that a trial court may not impose multiple firearm specifications for crimes committed within a single transaction. The mandatory language of the statute ("the court shall impose") also indicates the General Assembly's intention that the defendant serve multiple sentences for firearm specifications associated with the enumerated crimes, such as murder or felonious assault.

*Isreal*, 2012-Ohio-4876, at ¶ 73.

---

2. Although we disagree with *Isreal* that R.C. 2929.14(B)(1)(g) requires consecutive service of the prison terms for the two most serious specifications, because those prison terms are "mandatory prison terms," they must be served consecutively pursuant to R.C. 2929.14(C)(1)(a). Thus, any error in identifying the correct statute requiring consecutive service of these prison terms is practically inconsequential.

**{¶ 11}** *Isreal* first misconstrues R.C. 2929.14(B)(1)(g) by regarding the authority to impose a discretionary firearm prison term as synonymous with a requirement for consecutive service of such a prison term. However, the imposition and service of a prison term are distinct facets of a criminal sentence. "[A] judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense. Only after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively." (Citations omitted.) *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 9. Thus, the power to impose a prison term does not suggest it be served consecutively. Whether the prison term is to be served concurrently or consecutively is a matter of the sentencing court's discretion, and in some cases, specified by other statutory enactments such as R.C. 2929.14(C)(1)(a) and (4).

**{¶ 12}** *Isreal* also mistakenly construes the "court shall impose" language of R.C. 2929.14(B)(1)(g) as disclosing the General Assembly's intent that all firearm specification prison terms must be served consecutively. However, that language applies only to the prison terms for the two most serious specifications, not to discretionary firearm prison terms. The statutory language applicable to discretionary firearm prison terms provides that the sentencing court, "*in its discretion, also may impose on the offender* the prison term specified under that division for any or all of the remaining specifications." (Emphasis added.) R.C. 2929.14(B)(1)(g). To the extent *Isreal* holds that the "court shall impose" language of R.C. 2929.14(B)(1)(g) mandates consecutive service of discretionary firearm prison terms, it is plainly wrong.

**{¶ 13}** Another crucial error is *Isreal*'s failure to consider R.C. 2929.14(C)(1)(a), the statute which prescribes how firearm specification prison terms are to be served. *See State ex rel. Fraley v. Ohio Dept. of Rehab. & Correction*, 161 Ohio St.3d 209, 2020-Ohio-4410,

¶ 11-12; *State v. Gillespie*, 12th Dist. Warren No. CA2021-01-004, 2021-Ohio-3650, ¶ 52. R.C. 2929.14(C)(1)(a) demonstrates the General Assembly's intent that not all firearm prison terms are required to be served consecutively. The statute provides, "if a *mandatory prison term* is imposed upon an offender pursuant to division (B)(1)(a) of this section * * * ," then that prison term must be served consecutively to all other prison terms. (Emphasis added.) If all firearm specification prison terms were required to be served consecutively as *Isreal* holds, there would have been no reason for the General Assembly to have restricted consecutive service to "mandatory" firearm specification prison terms. Instead, the General Assembly would have omitted the "mandatory" qualifier and provided that if a "prison term" is imposed pursuant to R.C. 2929.14(B)(1)(a), it must be served consecutively. By restricting consecutive service to "mandatory" firearm specification prison terms, R.C. 2929.14(C)(1)(a) recognizes that not all firearm prison terms are mandatory and required to be served consecutively. We discussed in *Beatty I* why a discretionary firearm prison term should not be considered a "mandatory prison term." *Beatty I*, 2022-Ohio-2329 at ¶ 17-19.

{¶ 14} R.C. 2929.41(A) also makes it clear that R.C. 2929.14(B)(1)(g) does not require consecutive service of a discretionary firearm prison term. The statute provides

> Except as provided in division (B) of this section, division (C) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States.

{¶ 15} Pursuant to the statute, if a prison term is imposed, it must be served concurrently with other prison terms unless consecutive service is authorized by R.C. 2929.14(C). It is important to note that R.C. 2929.41(A), in recognizing the exception to the general rule that prison terms be served concurrently, refers to R.C. 2929.14(C), not R.C.

2929.14(B)(1)(g). Thus, consecutive service of a firearm prison term requires that it either be a "mandatory prison term" pursuant to R.C. 2929.14(C)(1)(a), or that the R.C. 2929.14(C)(4) findings support a consecutive sentence.

{¶ 16} The Eighth Appellate District has recognized, as we did in *Beatty I*, that consecutive service of discretionary firearm prison terms is not mandated. In *State v. James*, 8th Dist. Cuyahoga No. 102604, 2015-Ohio-4987, a unanimous panel reversed a consecutive discretionary firearm prison term because of the sentencing court's misapprehension that it was required to impose the prison term consecutively. "We agree with James that the court erred by indicating that it had to order consecutive service on the third firearm specification." *Id.* at ¶ 44; *see also State v. Nelson*, 8th Dist. Cuyahoga No. 104336, 2017-Ohio-5568, ¶ 84-86.

{¶ 17} Additionally, in *State v. Hope*, 11th Dist. No. 2018-T-0053, 2019-Ohio-2174, the Eleventh Appellate District remanded a case to the trial court for purposes of journalizing a nunc pro tunc entry incorporating a R.C. 2929.14(C)(4) consecutive sentence finding relative to the consecutive service of a discretionary firearm prison term which was made during the sentencing hearing but omitted from the original sentencing entry. If R.C. 2929.14(B)(1)(g) mandated consecutive service of discretionary firearm prison terms, the consecutive sentence findings would be unnecessary, and the court of appeals would not have remanded the matter for that reason.

{¶ 18} The majority creates the inaccurate impression that its view is shared by Ohio's other appellate districts with near unanimity when it states in ¶ 2 that "[n]umerous other districts have approvingly cited to this court's decision in *Isreal* since its release nearly a decade ago. This includes cases from First, Second, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Eleventh Districts." Almost all the cases from other appellate districts citing *Isreal* are included in one of three categories. The first category includes those cases that

do not involve a discretionary firearm prison term.  The second category consists of cases where a discretionary firearm prison term was imposed but ordered to be served concurrently.  Because the cases in these first two categories do not involve a consecutive discretionary firearm prison term, any comment in those cases concerning the significance of R.C. 2929.14(B)(1)(g) on the consecutive service of discretionary firearm prison terms is, at most, obiter dicta.  "It is a well recognized principle that any pronouncement of the court must be considered in the light of the facts under consideration."  *White Castle Sys. v. Huntington Nat. Bank, Columbus*, 36 Ohio Law Abs. 253, 258 (2nd Dist.1941).

{¶ 19} The third category includes cases citing *Isreal* for the proposition that same act or transaction firearm specification convictions do not merge for purposes of sentencing.  These third category cases involve assignments of error challenging consecutive service of discretionary firearm prison terms only because they should merge as arising from the same act or transaction.  Although these cases may affirm a sentencing court's imposition of consecutive discretionary firearm prison terms, it is because R.C. 2929.14(B)(1)(g) creates an exception to merger under certain circumstances.  These cases do not implicate the issue of whether R.C. 2929.14(B)(1)(g) requires consecutive service of discretionary firearm prison terms.  "'[A] reported decision, although a case where the question might have been raised, is entitled to no consideration whatever as settling * * * a question not passed upon or raised at the time of the adjudication.'"  *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 11, quoting *State ex rel. Gordon v. Rhodes*, 158 Ohio St. 129 (1952), paragraph one of the syllabus.  Thus, neither do the cases included in this third category support *Isreal*'s holding.

{¶ 20} That other appellate districts may have "approvingly cited" *Isreal* for a proposition of law other than whether R.C. 2929.14(B)(1)(g) requires consecutive service of discretionary firearm prison terms is irrelevant and does nothing to establish *Isreal*'s

holding as settled law. The majority acknowledges that only "the Eighth District and the Fourth District have specifically cited to *Isreal* when holding that the imposition of consecutive sentences for multiple firearm specifications is mandatory under R.C. 2929.14(B)(1)(g)." However, the Eighth District does not support *Isreal*'s holding that R.C. 2929.14(B)(1)(g) requires consecutive service of discretionary firearm prison terms as the majority contends.

{¶ 21} The sole Eighth District opinion cited by the majority is *State v. Nelson*, 8th Dist. Cuyahoga No. 110593, 2022-Ohio-1665.[3] *Nelson* involved the imposition of two firearm specification prison terms arising from two separate incidents or the imposition of same act or transaction firearm specification prison terms for the two most serious specifications.[4] In either case, *Nelson* does not involve a discretionary firearm prison term. Because *Nelson* does not involve a discretionary firearm prison term, it is included among the first category of cases discussed above, and any comment concerning the significance of R.C. 2929.14(B)(1)(g) on the consecutive service of discretionary firearm prison terms must be discounted.

{¶ 22} The majority also cites *State v. Pompey*, 1st Dist. Hamilton No. C-150479, 2016-Ohio-4610, and asserts it holds that "pursuant to R.C. 2929.14(B)(1)(g), the trial court 'did precisely what was required by law' by imposing consecutive sentences for each of the four firearm specifications that the defendant was being sentenced." However, *Pompey* holds no such thing. In *Pompey*, the First Appellate District cites R.C. 2929.14(B)(1)(g) only to demonstrate that the sentencing court had the authority to impose multiple firearm

---

3. Note that this citation to *State v. Nelson*, 8th Dist. Cuyahoga No. 110593, 2022-Ohio-1665, refers to a different Eighth District opinion than our earlier citation to *State v. Nelson*, 8th Dist. Cuyahoga No. 104336, 2017-Ohio-5568, in ¶ 16 above.

4. The recitation of facts in *Nelson* suggests that the two firearm specification prison terms arose from separate acts or transactions, but the opinion does not explicitly state as much.

specification prison terms, not that it was required to order they be served consecutively. Regarding consecutive service, the court relied upon R.C. 2929.14(C)(1)(a), not R.C. 2929.14(B)(1)(g). *Id.* at ¶ 7. Although we disagree with the First District that R.C. 2929.14(C)(1)(a) requires consecutive service of discretionary firearm prison terms, *Pompey* agrees with *Beatty I* in that R.C. 2929.14(C)(1)(a), not R.C. 2929.14(B)(1)(g), is the statute which specifies the way firearm prison terms are to be served.[5]

{¶ 23} In a footnote, the majority cites *State v. Fortune*, 11th Dist. No. 2014-L-117, 2015-Ohio-4019, claiming that it cites *Isreal* to support its decision affirming consecutive service of a discretionary firearm specification. However, the sole reference to *Isreal* in *Fortune* was not to support the proposition that R.C. 2929.14(B)(1)(g) requires consecutive service of discretionary firearm prison terms, but that the statute provides an exception to R.C. 2929.14(B)(1)(b) by permitting imposition of more than a single firearm specification prison term for multiple firearm specifications arising from a single act or transaction. *Fortune* is a merger case and nowhere holds that R.C. 2929.14(B)(1)(g) requires consecutive service of discretionary firearm prison terms.

{¶ 24} The majority sums up its defense of *Isreal* by stating

> [B]ecause the Ohio Supreme Court declined to review this court's decision in *Isreal*, which necessarily included this court's holding that, pursuant to R.C. 2929.14(B)(1)(g), sentences for multiple firearm specifications should be run consecutive to each other, and because this court's holding that, pursuant to R.C. 2929.14(B)(1)(g), sentences for multiple firearm specifications should be run consecutive to each other, has been approvingly cited to, and applied by, multiple other Ohio appellate districts, we find it now generally well established that the language found in R.C. 2929.14(B)(1)(g) requires sentences for multiple firearm specifications to be run consecutive to each other.

---

5. *See Beatty I*, 2022-Ohio-2329, at ¶ 17-19 for our discussion of why R.C. 2929.14(C)(1)(a) does not require consecutive service of discretionary firearm prison terms.

{¶ 25} This summation is based upon faulty premises. First, the supreme court did not decline to review *Isreal*. In fact, the supreme court denied Isreal's motion for a delayed appeal. *State v. Isreal*, 137 Ohio St.3d 1420, 2013-Ohio-5285. Furthermore, a review of the appellate cases citing *Isreal* reveals only a single Fourth Appellate District opinion supporting *Isreal*'s holding that R.C. 2929.14(B)(1)(g) requires consecutive service of discretionary firearm prison terms.[6] Only this district and a single Fourth District opinion have held that R.C. 2929.14(B)(1)(g) requires consecutive service of discretionary firearm prison terms. That proposition is not so generally well established as the majority suggests.

{¶ 26} The majority also cites cases and asserts that *Beatty I* is wrong in holding that consecutive service of discretionary firearm prison terms requires the court to engage in the R.C. 2929.14(C)(4) consecutive sentence findings. The majority contends that R.C. 2929.14(C)(4) "only applies when the trial court is imposing multiple prison terms for convictions of 'multiple offenses.' '[A] firearm specification is a penalty enhancement, not a criminal offense.'" Majority opinion at ¶ 3, quoting *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, ¶ 19. We discussed R.C. 2929.41(A) above, and its guidance that prison terms are to be served concurrently unless R.C. 2929.14(C) provides an exception. Contrary to the majority's assertion that R.C. 2929.14(C)(4) does not apply to firearm prison terms because they are penalty enhancements, R.C. 2929.41(A) is not concerned with whether the prison term is imposed as a "penalty enhancement" or as a sanction for an "offense." R.C. 2929.41(A) is concerned only with whether a prison term is imposed. If a prison term is imposed, it must be served concurrently unless R.C. 2929.14(C) provides an exception.[7]

---

6. *State v. Clay*, 4th Dist. Lawrence No. 11CA23, 2013-Ohio-4649.

7 We further discuss our reasoning on this issue in *Beatty I*. *See Beatty I*, 2022-Ohio-2329, at ¶ 21-26.

{¶ 27} In summary, *Isreal*'s holding is one in search of justification. *Isreal* finds that justification by relying upon case law that touches upon tangential issues, ignoring R.C. 2929.14(C)(1)(a), the statute specifying how firearm prison terms are to be served, and misconstruing R.C. 2929.14(B)(1)(g).

{¶ 28} Based upon the foregoing, we would hold that (1) R.C. 2929.14(C)(1)(a), not R.C. 2929.14(B)(1)(g), controls how firearm prison terms are to be served; (2) because a discretionary firearm prison term is not a "mandatory prison term," R.C. 2929.14(C)(1)(a) does not mandate that it be served consecutively; (3) a sentencing court may order that discretionary firearm prison terms be served consecutively to other prison terms upon making the R.C. 2929.14(C)(4) consecutive sentence findings; and (4) *Isreal* be overruled to the extent that it holds that R.C. 2929.14(B)(1)(g) requires consecutive service of discretionary firearm prison terms. With respect and regard for our colleagues in the majority, we dissent.