**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Beatty*, Slip Opinion No. 2024-Ohio-5684.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5684

THE STATE OF OHIO, APPELLEE, *v.* BEATTY, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Beatty*, Slip Opinion No. 2024-Ohio-5684.]**

*Criminal law—R.C. 2929.41(A) and 2929.14(B) and (C)—Prison terms for multiple firearm specifications—Judgment reversed and cause remanded to trial court with instructions that it amend its sentence to run the two discretionary prison terms imposed for the firearm specifications concurrently with each other and with the other prison terms imposed.*

(No. 2022-1290—Submitted September 13, 2023—Decided December 9, 2024.)

APPEAL from the Court of Appeals for Clermont County,

No. CA2021-10-057, 2022-Ohio-3099.

_____

DONNELLY, J., announcing the judgment of the court, with an opinion joined by STEWART and BRUNNER, JJ. KENNEDY, C.J., concurred in judgment only. FISCHER, J., dissented. DETERS, J., dissented, with an opinion joined by DEWINE, J.

**DONNELLY, J., announcing the judgment of the court.**

{¶ 1} One of the more straightforward rules in Ohio's criminal-sentencing scheme is that "a prison term . . . shall be served concurrently with any other prison term" unless an exception applies, R.C. 2929.41(A). But as we get tangled in the complex web of felony-sentencing rules set forth in R.C. 2929.14, it becomes difficult to discern when an exception to the presumption of concurrent prison terms applies. For the two prison terms at issue in this appeal—which were imposed at the trial court's discretion under R.C. 2929.14(B)(1)(g) for firearm specifications— there is no applicable exception. The plain language of R.C. 2929.14(C)(1) and 2929.41(A) requires that they be served concurrently with each other and with the other prison terms imposed on appellant, Aunrico Beatty. This court reverses the judgment of the Twelfth District Court of Appeals holding otherwise and remands the cause to the trial court with instructions that it amend its sentence accordingly.

## I. BACKGROUND

{¶ 2} In 2021, Beatty was tried for offenses arising from allegations that he shot at a group of four people. A jury found Beatty guilty of four counts of felonious assault, R.C. 2903.11(A)(2), and four attendant firearm specifications, R.C. 2941.145(A). The jury also found Beatty guilty of one count of discharging a firearm on or near prohibited premises, R.C. 2923.162(A)(3), along with an attendant firearm specification, R.C. 2941.145(A), and one count of improperly handling firearms in a motor vehicle, R.C. 2923.16(B).

{¶ 3} At sentencing, the Clermont County Court of Common Pleas did not impose any prison term for the firearm specification attached to the firearm-discharge offense, but it imposed three-year prison terms for each of the four firearm specifications attached to the felonious-assault offenses. Two of those prison terms were mandatory under R.C. 2929.14(B)(1)(g) and two were imposed at the trial court's discretion, as authorized by R.C. 2929.14(B)(1)(g). The trial

court ran all four sentences consecutively, for a total of 12 years. The trial court imposed prison terms of four to six years for each of the four felonious-assault offenses, 18 months for the offense of discharging a firearm on or near prohibited premises, and 12 months for the offense of improperly handling firearms in a motor vehicle. The prison terms for Beatty's offenses were ordered to be served concurrently with each other and consecutively to the firearm-specification prison terms, for an aggregate prison term of 16 to 18 years.

{¶ 4} On appeal to the Twelfth District, Beatty argued that only two of his four firearm-specification prison terms should run consecutively and that the trial court's decision to run all four of those prison terms consecutively was not permitted by R.C. 2929.14(C)(1). In opposition, the State argued that R.C. 2929.14(B)(1)(g) required consecutive service of any prison terms imposed for firearm specifications.

{¶ 5} The three-judge panel for the Twelfth District disagreed with both parties, though it ultimately upheld the sentencing decision. 2022-Ohio-2329 (12th Dist.) ("*Beatty I*"). It held that R.C. 2929.14(B)(1)(g) governs whether the imposition of prison terms for firearm specifications is mandatory or discretionary and does not govern how any prison terms are to be served. *Id.* at ¶ 13. It held that R.C. 2929.14(C)(1) requires consecutive service of mandatory prison terms for firearm specifications and that R.C. 2929.14(C)(4) permits consecutive service of discretionary firearm-specification prison terms, as long as the appropriate findings are made. *Id.* at ¶ 19-20. The Twelfth District panel overruled a previous Twelfth District decision that held that R.C. 2929.14(B)(1)(g) requires consecutive service of all prison terms imposed for firearm specifications, *State v. Isreal*, 2012-Ohio-4876 (12th Dist.). *Beatty I* at ¶ 16.

{¶ 6} The Twelfth District sua sponte determined that the conflict between its decisions in *Beatty I* and *Isreal* should be considered en banc. 2022-Ohio-3099, ¶ 1 (12th Dist.) ("*Beatty II*"). A majority of the en banc court reversed *Beatty I* and

held, consistently with *Isreal*, that R.C. 2929.14(B)(1)(g) required the trial court to run all the firearm-specification prison terms consecutively. *Id.* at ¶ 4. The Twelfth District affirmed the trial court's sentencing decision on these alternative grounds.

{¶ 7} Beatty sought our discretionary review of the en banc court's decision. We accepted the appeal on the following proposition of law:

> R.C. 2929.14(B)(1)(g) does not provide statutory authority for the consecutive service of multiple prison terms imposed on firearm specifications; the service of those prison terms is set forth in, and limited to, R.C. 2929.14(C)(1)(a) which only permits the consecutive service of "mandatory prison terms" imposed on firearm specifications.

*See* 2023-Ohio-86.

## II. LAW

### A. Standard of review

{¶ 8} The dispute here is over the meaning of multiple related statutory provisions. Questions involving statutory interpretation are legal questions that we review de novo. *State v. Straley*, 2014-Ohio-2139, ¶ 9. Our primary focus is on the text. "'[O]ur inquiry begins with the statutory text, and ends there as well if the text is unambiguous.'" *State ex rel. Plain Dealer Publishing Co. v. Cleveland*, 2005-Ohio-3807, ¶ 38, quoting *BedRoc Ltd., L.L.C. v. United States*, 541 U.S. 176, 183 (2004). The question that we ask in this inquiry "is not what did the general assembly intend to enact, but what is the meaning of that which it did enact." *Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus. And if "a statute's meaning is clear and unambiguous, the statute is applied as written." *State v. Fazenbaker*, 2020-Ohio-6731, ¶ 14.

## B. Relevant statutes

### 1. Imposition of prison terms

{¶ 9} An offender convicted of a felony offense may be subject to an additional three-year prison term if the charge for the offense "specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense." R.C. 2941.145(A). *See also* R.C. 2929.14(B)(1)(a)(ii).

{¶ 10} R.C. 2929.14(B)(1) governs the imposition of prison terms for firearm specifications connected to felony offenses. It states that "if an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a [firearm] specification . . . the court shall impose" a prison term for that specification. R.C. 2929.14(B)(1)(a). For the type of specification at issue in this case, the prison term is three years, R.C. 2929.14(B)(1)(a)(ii). However, the statute states that a trial court "*shall not* impose more than one prison term on an offender under [R.C. 2929.14(B)(1)(a)] for felonies committed as part of the same act or transaction." (Emphasis added.) R.C. 2929.14(B)(1)(b). An exception to the prohibition is found in R.C. 2929.14(B)(1)(g), which provides:

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the

offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

Thus, if an offender is convicted of a group of offenses and firearm specifications that were all part of the same transaction, the trial court must impose one prison term for the firearm specifications and it must not impose prison terms for any other firearm specifications. But if any of the offenses is a serious felony such as murder or felonious assault, the trial court *must* impose prison terms for two of the firearm specifications and it *may* impose prison terms for any remaining firearm specifications. Because the trial court "must" impose prison terms for two of the firearm specifications, those prison terms are "mandatory prison term[s]," which are defined as "the term[s] in prison that must be imposed for the offenses or circumstances set forth in . . . [R.C. 2929.14(B)]." R.C. 2929.01(X)(1). And because the trial court "may" impose prison terms for the remaining firearm specifications, those prison terms are not "mandatory prison term[s]."

### 2. Concurrent or consecutive service of imposed prison terms

{¶ 11} The statutes governing concurrent or consecutive service of prison terms that we must examine in this appeal are R.C. 2929.41(A) and 2929.14(C). The first of these two statutes provides the general presumption of concurrent service:

Except as provided in [R.C. 2929.41(B), 2929.14(C), or 2971.03(D) or (E)], a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States.

6

R.C. 2929.41(A). The second of these two statutes contains various exceptions to the presumption of concurrent sentences. The exceptions relevant to our discussion are found in R.C. 2929.14(C)(1), which governs consecutive sentences for firearm specifications, and R.C. 2929.14(C)(4), which governs consecutive sentences for offenses.

{¶ 12} R.C. 2929.14(C)(1)(a) provides:

> Subject to [R.C. 2929.14(C)(1)(b)], if a mandatory prison term is imposed upon an offender pursuant to [R.C. 2929.14(B)(1)(a)] for having a firearm on or about the offender's person or under the offender's control while committing a felony, if a mandatory prison term is imposed upon an offender pursuant to [R.C. 2929.14(B)(1)(c)] for committing a felony specified in that division by discharging a firearm from a motor vehicle, or if both types of mandatory prison terms are imposed, the offender shall serve any mandatory prison term imposed under either division consecutively to any other mandatory prison term imposed under either division or under [R.C. 2929.14(B)(1)(d)], consecutively to and prior to any prison term imposed for the underlying felony pursuant to [R.C. 2929.14(A), (B)(2), or (B)(3)] or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

To sum up the portion of R.C. 2929.14(C)(1) that is pertinent here, if a court imposes a "mandatory prison term" for a firearm specification, it must be served consecutively to any other "mandatory prison term" imposed for the enumerated

7

specifications and consecutively to the prison term for the underlying felony to which the specification is attached.

{¶ 13} Finally, R.C. 2929.14(C)(4) provides that "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively" if the court makes certain findings regarding the offenses and the offender.

## C. Analysis

{¶ 14} There is no dispute that the trial court was required to impose prison terms for two of the four firearm specifications attached to Beatty's felonious-assault offenses under R.C. 2929.14(B)(1)(g) and that the trial court was required to run those two prison terms consecutively under R.C. 2929.14(C)(1). There is also no dispute that the trial court had the discretion to impose prison terms for the remaining two firearm specifications under R.C. 2929.14(B)(1)(g). The sole dispute is whether the two additional prison terms can or must run consecutively.

{¶ 15} Our focus is on whether any of the foregoing statutory provisions creates an exception to the default of concurrent sentences in R.C. 2929.41(A). According to *Beatty II*, 2022-Ohio-3099 (12th Dist.) and *Isreal*, 2012-Ohio-4876 (12th Dist.), an exception is found in R.C. 2929.14(B)(1)(g). According to *Beatty I*, 2022-Ohio-2329 (12th Dist.), an exception is found in R.C. 2929.14(C)(4). According to the State, an exception is found in R.C. 2929.14(B)(1)(a) and 2929.14(C)(1)(a). And according to Beatty, the only possible source for an exception in this case is R.C. 2929.14(C)(1)(a) and none of the exceptions therein are applicable. Beatty's position is correct, as it is the only position supported by the plain language of the statutes.

### 1. R.C. 2929.14(B)(1)(g) is not an exception to R.C. 2929.41(A)

{¶ 16} In *Beatty II*, the Twelfth District reiterated its previous holding that "'pursuant to R.C. 2929.14(B)(1)(g), sentences for multiple [firearm] specifications should be run consecutive to each other.'" (Bracketed text in original.) *Beatty II*

8

at ¶ 6, quoting *Isreal* at ¶ 72.  In *Isreal*, the trial court had imposed three prison terms under R.C. 2929.14(B)(1)(g) for firearm specifications attached to three felonies and ordered that they be served consecutively.  *Isreal* at ¶ 69-70.  On appeal, Isreal argued that all three prison terms should run concurrently because they were part of the same act or transaction under R.C. 2929.14(B)(1)(b) and because the exception in division (B)(1)(g) says nothing about consecutive service.  *Id.* at ¶ 71-72.  The Twelfth District held that although R.C. 2929.14(B)(1)(g) does not mention consecutive service, it contains the phrase  "court shall impose," which the appellate court said "indicates the General Assembly's intention that the defendant serve multiple sentences for firearm specifications associated with the enumerated crimes."  *Id.* at ¶ 73.  It further noted, "Had the Legislature intended a *per se* rule that sentences for firearm specifications must be served concurrent with one another, it could have stated as much."  *Id.*

{¶ 17} We disagree with the Twelfth District's reasoning in *Isreal* to the extent that it applied to Isreal's third firearm specification, and we disagree that such reasoning should be applied to Beatty's third and fourth firearm specifications. The phrase "court shall impose" in R.C. 2929.14(B)(1)(g) applies to "the two most serious specifications" only and not to any additional firearm specifications. Further, the plain language of R.C. 2929.41(A) evinces the General Assembly's intent that all prison terms—including those for firearm specifications—run concurrently unless a specific exception applies within the statutory provisions enumerated in R.C. 2929.41(A).  Although R.C. 2929.14(C) is one of the enumerated statutory provisions in R.C. 2929.41(A), R.C. 2929.14(B) is not.

{¶ 18} Accordingly, the language of R.C. 2929.14(B)(1)(g) does not provide an exception to R.C. 2929.41(A) to allow discretionary prison terms for firearm specifications to run consecutively.

### 2. R.C. 2929.14(C)(4) does not apply to specifications

{¶ 19} In *Beatty I*, the Twelfth District held that the power to run Beatty's third and fourth prison terms consecutively needed to come from R.C. 2929.14(C) rather than R.C. 2929.14(B). 2022-Ohio-2329 at ¶ 16-20 (12th Dist.). It noted that R.C. 2929.14(C)(1) requires consecutive sentencing for a "mandatory prison term" imposed for a firearm specification and that a prison term is mandatory under R.C. 2929.01(X)(1) only if the relevant statute provides that the prison term "must be imposed." *Id*. at ¶ 17. Because R.C. 2929.14(B)(1)(g) instructs that a court "may" impose prison terms for firearm specifications beyond the first two mandatory ones, the appellate court held that the additional prison terms are discretionary rather than mandatory. *Id.* at ¶ 19. And because R.C. 2929.14(C)(1) applies only to mandatory prison terms, the court held, it did not apply to additional prison terms imposed at the trial court's discretion under R.C. 2929.14(B)(1)(g). *Id.*

{¶ 20} We agree with the foregoing portion of the Twelfth District's reasoning. However, the Twelfth District went on to hold that the trial court had the discretion under R.C. 2929.14(C)(4) to run the discretionary prison terms imposed for the firearm specifications consecutively notwithstanding the fact that division (C)(4) applies only to "'prison terms [that] are imposed on an offender for convictions of multiple *offenses*.' " (Emphasis added.) *Id.* at ¶ 23, 28, quoting R.C. 2929.14(C)(4).

{¶ 21} We have held that a specification is "a penalty enhancement, not a criminal offense." *State v. Ford*, 2011-Ohio-765, ¶ 19. Firearm specifications are not "offenses," because they "do not contain a positive prohibition of conduct." *Ford* at ¶ 16; *see also* R.C. 2901.03(B). The Twelfth District acknowledged this court's holding in *Ford*, but nonetheless it held that R.C. 2929.14(C)(4) applies to firearm specifications based on the definition of the term "sanction" in R.C. 2929.01(DD). *Beatty I* at ¶ 24-26; *see also* R.C. 2929.01(DD) ("'Sanction' means any penalty imposed upon an offender who is convicted of or pleads guilty to an

offense, as punishment for the offense. 'Sanction' includes any sanction imposed pursuant to any provision of [R.C. 2929.14 to 2929.18 or 2929.24 to 2929.28]."). The Twelfth District reasoned that because (1) under R.C. 2929.01(DD), firearm-specification prison terms are "sanctions" (since they are imposed under R.C. 2929.14), (2) a "[s]anction" constitutes a penalty imposed as punishment for an offense, and (3) firearm specifications are attached to an underlying offense, a prison term imposed for a firearm specification is the same as a prison term imposed for a conviction of an offense for purposes of R.C. 2929.14(C)(4). *Id.*

{¶ 22} We disagree with the Twelfth District's reasoning in *Beatty I* because it interjects the broader terms "sanction" and "punishment" into the language of R.C. 2929.14(C)(4) instead of applying the unambiguous language of the statute as written. Although prison terms imposed for firearm specifications are punishments that are attached to underlying offenses, they are not themselves "prison terms . . . imposed on an offender for convictions of . . . offenses," R.C. 2929.14(C)(4). The General Assembly made clear in its sentencing provisions for firearm specifications that being convicted of or pleading guilty to a felony is separate from being convicted of or pleading guilty to a specification. *See* R.C. 2929.14(B)(1)(a). The prison terms imposed under R.C. 2929.14(B) are for convictions of specifications and therefore cannot be subject to the consecutive-sentencing rules for prison terms imposed for offenses.

{¶ 23} Accordingly, R.C. 2929.14(C)(4) does not provide an exception to the presumption of concurrent sentences in R.C. 2929.41(A) regarding any prison terms for firearm specifications, including those that were imposed at the trial court's discretion.

### 3. R.C. 2929.14(B)(1)(a) does not cause discretionary prison terms to become mandatory

{¶ 24} The State argues that the language of R.C. 2929.14(B)(1)(a), (B)(1)(b), (B)(1)(g), and (C)(1)(a), when considered together, creates an exception

to R.C. 2929.41(A) and *requires* the consecutive service of any prison terms imposed for firearm specifications. The State notes that the provision requiring two prison terms and allowing additional prison terms in R.C. 2929.14(B)(1)(g) is an exception to the limitation in R.C. 2929.14(B)(1)(b) to a single prison term for specifications involved in "the same act or transaction," which is in turn an exception to the baseline rule in R.C. 2929.14(B)(1)(a) that a trial court "shall impose" a prison term on an offender convicted of a firearm specification. The State posits that because R.C. 2929.14(B)(1)(g) is an exception to an exception to division (B)(1)(a), any prison terms ultimately imposed under division (B)(1)(g) regain their status as prison terms that the trial court "shall impose" under division (B)(1)(a) and are therefore mandatory prison terms for purposes of R.C. 2929.14(C)(1).

{¶ 25} If R.C. 2929.14(B)(1)(g) were stated as a negation of the limitation in division (B)(1)(b), then perhaps the State's argument would be grounded in the text of the statute. But that is not how R.C. 2929.14(B)(1)(g) is worded. Rather, the statutory provision states that the trial court "shall impose on the offender the prison term specified under division (B)(1)(a)" for two of the specifications and then states that the trial court "in its discretion, also may impose" additional prison terms for any of the remaining specifications. R.C. 2929.14(B)(1)(g). The word "may" generally connotes a discretionary, nonmandatory action unless the surrounding terminology strongly suggests otherwise. *See State ex rel. Niles v. Bernard*, 53 Ohio St.2d 31, 34 (1978). The surrounding terminology in division (B)(1)(g) provides no opportunity for an unusual interpretation, given that the terms surrounding "may" include the word "discretion." R.C. 2929.14(B)(1)(g). The State's proposed interpretation of R.C. 2929.14(B)(1)(a) and (B)(1)(g) does violence to the plain language of those provisions, and its argument is therefore not well-taken.

12

*4. There is no exception to R.C. 2929.41(A)*

*for discretionary prison terms imposed under R.C. 2929.14(B)(1)(g)*

**{¶ 26}** The only statutory provision allowing for consecutive prison terms for firearm specifications—R.C. 2929.14(C)(1)(a)—applies to "mandatory prison term[s]" only, and therefore does not apply to prison terms imposed at the trial court's discretion under R.C. 2929.14(B)(1)(g). Thus, there is no statutory provision providing an exception to the presumption of concurrently run prison terms in R.C. 2929.41(A) that is applicable to discretionary firearm-specification prison terms.

**{¶ 27}** It is well-settled that judges have no inherent authority to create sentences. *State v. Anderson*, 2015-Ohio-2089, ¶ 10; *State v. Beasley*, 14 Ohio St.3d 74, 75 (1984); *Colegrove v. Burns*, 175 Ohio St. 437, 438 (1964). Both crimes and criminal punishments are statutory, and "the only sentence which a trial court may impose is that provided for by statute." *Colegrove* at 438. The General Assembly has not given trial courts the power to require that discretionary prison terms for firearm specifications be served consecutively, and therefore, under R.C. 2929.41(A), such prison terms "shall be served concurrently" with other prison terms.

**{¶ 28}** This conclusion, though based on the plain language of the applicable text, is by no means obvious. Ohio's criminal-sentencing scheme is a bloated labyrinth of specialized provisions, inter- and intra-statutory cross-references, exceptions, and exceptions to exceptions. The complexity of the scheme largely prevents criminal defendants and the general public from understanding how criminal sentencing works. It leaves trial courts struggling to impose sentences that are fair, proportional, and not repeatedly reversed for technical errors. In the event that the General Assembly changes the statutory language at issue, we pray that it does so in a way that creates clarity.

### III. CONCLUSION

**{¶ 29}** The judgment of the Twelfth District Court of Appeals is reversed, and the cause is remanded to the trial court with instructions that it amend its sentence to run the two discretionary prison terms imposed for the firearm specifications concurrently with each other and with the other prison terms imposed.

Judgment reversed

and cause remanded to the trial court.

_____

**DETERS, J., joined by DEWINE, J., dissenting.**

**{¶ 30}** Today the justices joining the lead opinion would render essentially meaningless the legislature's decision to give trial-court judges the option to impose sentences for firearm specifications beyond the first two. In the lead opinion's view, a trial-court judge may impose sentences for third and fourth firearm specifications, but the judge must run those sentences concurrently with other sentences imposed. So, a judge may impose additional sentences, but the offender will never serve additional time for those sentences.

**{¶ 31}** Because I would give the statutory scheme a sensible reading, I respectfully dissent.

### The General Assembly gave trial-court judges the discretion to impose additional sentences

**{¶ 32}** Start with the language of R.C. 2929.14(B)(1)(g):

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described

under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

{¶ 33} By its plain language, R.C. 2929.14(B)(1)(g) purports to give trial-court judges the discretion to impose prison terms for third and fourth firearm specifications. But the lead opinion's reading makes this grant of authority illusory: A judge may impose the prison terms, but the terms must run concurrently to other sentences. The authorization to impose additional firearm-specification prison terms has no practical effect.

{¶ 34} To get to this point, the lead opinion takes a myopic view of another part of the statutory scheme and concludes that it doesn't apply to the prison terms imposed for the third and fourth specifications. I turn my attention to R.C. 2929.14(C)(1)(a):

[I]f a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony, . . . the offender shall serve any mandatory prison term imposed . . . consecutively to any other mandatory prison term imposed under [division (B)(1)(a) of this section] . . . consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A), (B)(2), or (B)(3) of this

section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

{¶ 35} The statute requires that a mandatory prison term imposed for a firearm specification run consecutively to any other prison term imposed for a firearm specification and consecutively to and prior to any prison term imposed for the underlying felony. The faulty premise on which the lead opinion's conclusion is based is that because a trial-court judge is given discretion to impose a prison term for firearm specifications beyond the first two, a prison term so imposed is not a "mandatory prison term." *See* lead opinion, ¶ 10. The lead opinion arrives at its conclusion with no analysis of what "mandatory" means. Proper understanding of the word is informed by consideration of its place in the statutory sentencing scheme.

## "Mandatory" in the statutory scheme

{¶ 36} "Mandatory prison term" is defined as "the term in prison that must be imposed for the offenses or circumstances set forth in divisions (F)(1) to (8) or (F)(12) to (21) of section 2929.13 and division (B) of section 2929.14 of the Revised Code." R.C. 2929.01(X)(1). The lead opinion seemingly ignores the article "the" preceding "term" and instead reads the definition to say, "*a* term in prison that must be imposed." But use of the definite article "the," as opposed to "a," indicates that the definition is limited to a particular prison term that is specified in either R.C. 2929.13(F)(1) through (8) and (12) through (21) or R.C. 2929.14(B). *See Black's Law Dictionary* (6th Ed. 1990) (defining "the" as "[a]n article which particularizes the subject spoken of. In construing statute, definite article 'the' particularizes the subject which it precedes and is word of limitation as opposed to indefinite or generalizing force 'a' or 'an.'"). In contrast to the definition of "mandatory prison term," "prison term" is defined as "*A* stated prison

term" or "*A* term in prison shortened by, or with the approval of, the sentencing court . . . ." (Emphasis added.)  R.C. 2929.01(BB)(1).  There is no definite article limiting the definition to specific terms.  Considered in the context of the definition, "mandatory" does not refer to the court's discretion in determining whether to impose *a* term at all; it refers to circumstances in which, if a term is imposed, *the* particular term is specified by statute and must be served by the offender.

{¶ 37} A look at the sections referenced in the definition of "mandatory prison term" confirms that "mandatory" refers not to the trial court's decision to impose the term but to the requirement that the term be served in its entirety.  Both R.C. 2929.13(F) and 2929.14(B) provide that the terms specified under those sections shall not be reduced pursuant to judicial release (R.C. 2929.20) or earned days of credit (R.C. 2967.193 and 2967.194).  When considered with these sections, a mandatory prison term is one that, unlike other prison terms imposed by a trial-court judge, cannot be reduced.

{¶ 38} The difference between mandatory prison terms and nonmandatory prison terms is brought into focus when the prison terms for firearm specifications are compared to those for felonies under R.C. 2929.14(A)(1).  Take, for instance, a sentence for a first-degree felony.  Under R.C. 2929.14(A)(1)(a), "the prison term *shall be* an indefinite prison term with a stated minimum term selected by the court of three, four, five, six, seven, eight, nine, ten, or eleven years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code."  (Emphasis added.)  The trial-court judge is given no discretion whether to impose a sentence, but the judge may choose among the prison terms listed.  Generally, there is no prohibition against reducing the terms through judicial release or earned credit; they are nonmandatory prison terms.

{¶ 39} Under certain circumstances, however, felony prison terms under R.C. 2929.14(A)(1) are mandatory.  For example, if an offender is convicted of trafficking cocaine in an amount between 50 to 100 times the bulk amount, not only

must one of the sentences listed in R.C. 2929.14(A)(1)(a) be imposed, but the sentence imposed must be a mandatory prison term. R.C. 2925.03(C)(1)(e) ("the court shall impose as a mandatory prison term a first degree felony mandatory prison term"). The prison term required by R.C. 2925.03(C)(1)(e) is not a mandatory prison term because the court is required to impose it (courts are required to impose a prison term for a first-degree felony drug-trafficking offense, regardless of the quantity of drugs involved); what makes the sentence a mandatory prison term is that it cannot be reduced through judicial release or earned credit. *See* R.C. 2929.13(F)(5).

{¶ 40} The sentencing-hearing statute, R.C. 2929.19, reinforces the understanding that a mandatory prison term is a specified term that must be served in its entirety. During the sentencing hearing, "if the court imposes a mandatory prison term, [it must] notify the offender that the prison term is a mandatory prison term." R.C. 2929.19(B)(2)(a). If the lead opinion's reading of the statute is correct, this requirement is nonsensical. Why would a court have to inform an offender that the court is required to impose a prison term? The better reading is that the statute requires the notification so that the offender knows that *all* of the mandatory term must be served.

{¶ 41} The statutory scheme under which Aunrico Beatty was sentenced also supports this understanding of "mandatory." Recall that for firearm specifications beyond the first and second, R.C. 2929.14(B)(1)(g) permits the imposition of "*the term specified under [R.C. 2929.14(B)(1)(a)]*." (Emphasis added.) Because Beatty was found guilty of a firearm specification under R.C. 2941.145(A), R.C. 2929.14(B)(1)(a)(ii) provides the "term specified"—three years. But imposition of that term is not permitted unless R.C. 2941.145(A) is satisfied, and R.C. 2941.145(A) makes crystal clear that the specified three-year prison term is mandatory.

**{¶ 42}** The lead opinion's discussion of R.C. 2941.145(A) omits an important phrase. *See* lead opinion at ¶ 9. The first sentence of R.C. 2941.145(A) reads in full:

> Imposition of a three-year *mandatory prison term* upon an offender under division (B)(1)(a)(ii) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense.

(Emphasis added.) Beatty was sentenced to the term specified in R.C. 2929.14(B)(1)(a)(ii), a prison term referred to as a "three-year mandatory prison term" in R.C. 2941.145(A). Thus, his additional firearm-specification prison terms are mandatory and must be served consecutively.

### Conclusion

**{¶ 43}** The lead opinion bemoans the complexity of the criminal-sentencing scheme. Lead opinion at ¶ 28. That complexity is not an excuse for refusing to meaningfully engage with the word "mandatory" and its use throughout the statutory scheme. When the word "mandatory" is considered in the context of the scheme, it is clear that the word refers not to a trial-court judge's decision whether to impose prison terms for third and fourth firearm specifications but to the nature of those prison terms. A mandatory prison term is a specific term that must be served in its entirety.

**{¶ 44}** When the trial-court judge decided to impose prison terms for the third and fourth firearm specifications of which Beatty was convicted, the terms

were mandatory prison terms. Under R.C. 2929.14(C)(1)(a), the terms had to run consecutively to one another and to the other firearm-specification prison terms and consecutively to and prior to the sentences for the underlying felonies. The Twelfth District Court of Appeals correctly affirmed the judgment of the trial court. Because the majority sees it otherwise, I respectfully dissent.

_____

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nick Horton, Assistant Prosecuting Attorney, for appellee.

W. Stephen Haynes, Clermont County Public Defender, and Robert F. Benintendi, Assistant Public Defender, for appellant.

_____